# The Commonwealth *against* Gilson.

The sureties in an ordinary administration bond are not liable for the proceeds of the intestate's real estate, though charged in the account of the administration as settled by the orphans' court.

ERROR to the common pleas of *Juniata* county.

The Commonwealth, for the use of Thomas Todd, administrator of Thomas Beale, deceased, against the administrators of David Gilson, deceased, and others.   This was a *scire facias* upon a judgment on an administration bond.

The plaintiff gave in evidence an account of the defendants as administrators of Thomas Gilson, deceased, in which the defendants had charged themselves with the personal estate and proceeds of real estate to the amount of upwards of three thousand dollars, and which they were credited with the payment of debts of the intestate to an amount which left a balance in their hands of 1328 dollars and 11 cents.   The plaintiff's intestate was married to one of the daughters of the intestate, and claimed his share of the balance.

The court below (Hepburn, president) instructed the jury, in answer to points put by the plaintiff, that he was not entitled to recover any thing, not even nominal damages.

*Fisher*, for plaintiff in error, cited 8 *Serg. & Rawle* 132.
*A. S. Wilson, contra*, stopped by the court.

PER CURIAM.—It is a fatal objection to this action, that its aim is to make the sureties, in an ordinary administration bond, liable for the proceeds of the intestate's land; a thing that cannot be done. They are irresponsible by the very words of the condition, as was held in Reed *v.* The Commonwealth, 11 *Serg. & Rawle* 441, for any thing but his goods, chattels, and credits, which were such at the time of his death; and they were consequently held to be irresponsible for a confession of judgment on which the real estate was sold, and the proceeds of it misapplied.   The distinction betwixt these and the real assets is recognized, even by a statute which requires a separate bond for the latter, the administration of which, to avoid the uncertainty which springs from confusion, ought

[The Commonwealth v. Gilson.]

to appear also by a separate account. All the exceptions turn on this point; and they are consequently not sustained.

Judgment affirmed.