Salyers *v.* Ross and Another.

SALYERS
v.
Ross.

On *March* 25, 1837, *A.* and *B.* became sureties on the bond of an adminis-
trator, in the penalty of $10,000, conditioned for the faithful discharge,
by the administrator, of the duties of his trust. In *March*, 1838, the
administrator procured an order of the proper Court for the sale of real
estate, to pay debts, and executed another bond, in the penalty of $4,000,
with *C.* and *D.* as sureties thereon, which was conditioned for the faithful
accounting and proper application of the proceeds of such sale. The
administrator, having sold the real estate, and applied the proceeds to
his own use, *A.*, one of the sureties on the original bond, was forced to
pay a large sum of money to creditors of the estate. Suit by *A.* to
compel *C.* and *D.* to contribute.

*Held,* that the bond given on the order for sale of real estate, was subsidiary
to the original bond, and not a primary security, and that no suit could
be maintained on it until the penalty of the original bond was exhausted.

*Held,* also, that the sureties upon the second bond did not assume the
relation of co-sureties with those upon the first, and hence were not
liable in an action for contribution.

*Friday,
November* 30.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—This was a suit for contribution between the
sureties of an administrator. *Salyers* was the plaintiff below,
and *Benjamin* and *Samuel Ross* the defendants. The
complaint alleges these facts: On *March* 25, 1837, the plain-
tiff and *David Taylor*, now deceased, became sureties on
the bond of one *Robert Taylor*, as administrator of the
estate of *Isaac Riggs*, deceased. The bond was in the
penalty of $10,000, 'and was conditioned that *Taylor* would
truly and faithfully perform the duties and trusts committed
to him as administrator. And the administrator, having
been qualified, &c., in *March*, 1838, filed a petition in the
*Fayette* Probate Court, alleging, *inter alia*, that the personal
property belonging to the estate of the intestate, was insuffi-
cient to pay the debts outstanding against it, and praying an
order to sell certain real estate, of which the intestate died
seized; that the same might be reduced to assets, &c. Upon
this petition, such proceedings were had, in said Court,
that the real estate described in the petition was ordered
to be sold, and the administrator directed to give bond,
with security, in the penalty of $4,000. Such bond was, on

*March* 14, 1838, duly executed by said administrator, with the defendants, *Benjamin* and *Samuel Ross*, as his sureties, who were approved by the Court. This second bond was conditioned to the effect, that the administrator should. well and truly account for all moneys that might come into his hands upon the sale of such real property, and properly apply the same in the settlement of the intestate's estate. It is averred, that *Taylor*, as such administrator, in pursuance of the order of the Court, sold the real property described in his petition for $1,232, which amount he received, with a view of making it assets in his hands. But the plaintiff says, in fact, that said administrator failed to perform the condition of his bond, in this, that he did not account for the moneys so received, or any part thereof, in the payment of outstanding debts of the estate, or otherwise, but appropriated the same to his own individual use. It is also averred, that, at the time the administrator so failed, there were debts outstanding against the intestate's estate to the aggregate amount of $2,950; and that for these debts, *Salyers*, the plaintiff in this case, as surety on the original administration bond, was sued in said Court, and therein various judgments. were rendered against him, which, in the aggregate, including interest and costs, amounted to $3,600, which amount he has. fully paid; but of which the administrator of the estate of *David Taylor*, deceased, his co-surety, has refunded $1,800, leaving a balance of $1,800 as yet unrefunded. And it is. further averred, that the defendants, *Benjamin* and *Samuel Ross*, the administrator's sureties on the bond for the faithful accounting, &c., of the moneys received on the sale of the real property—he, the said administrator, being insolvent—are responsible for the $1,232 received by the administrator for the property sold. Yet they have refused to pay the same;. or any part thereof, or in any manner to contribute their *pro rata* share of the amount, so paid by the plaintiff, as. surety on the original bond, &c.

The defendants demurred to the complaint on two grounds :: 1. "There is a defect of parties, in this, *David Taylor*, the co-surety, or his representatives, should have been made parties," &c. 2. "The complaint does not state facts suffi-

Nov. Term, 1860.

SALYERS
v.
Ross.

cient to constitute a cause of action." The Court sustained the demurrer, and the plaintiff excepted.

Are the sureties in the second bond, in view of the facts stated, liable for contribution? This is the controlling inquiry in the case. It is insisted, in support of the demurrer, that the bond given on the application to sell real estate, is not a primary security, but merely subsidiary to the original bond given by the administrator. If this position be correct, the case is evidently with the defendants; because where "separate bonds are given, with different sureties, and one is *intended* to be subsidiary to, and a security for, the other, in case of default in the payment of the latter, the sureties in the second bond would not be compellable to aid those in the first bond by contribution." 1 Story's Eq. Jur. § 498; 1 Lead. Cases in Eq. 116 *et seq.* What, then, is the relation between the respective bonds now before us? Both were given under an act approved *February* 10, 1831, entitled "An Act to Organize Probate Courts," &c. By § 8 of that act it is provided, that the person to whom letters of administration shall be granted, shall, before the delivery thereof, execute a bond to the State, with freehold security, conditioned for the faithful performance of the duties and trusts committed to him, as administrator, according to law. And under § 19 of the same act, it was the duty of the administrator, when he discovered that the personal property was insufficient to pay the debts outstanding against the intestate's estate, to inventory his real property, and cause the same to be appraised, &c. And, upon suggestion of the administrator, it became the duty of the Court to order the sale of such property, and make the same assets in his hands under the provisions of the act; the administrator, previous to such order, filing with the clerk of said Court "such further or additional bond as the Court may require." R. S. 1831, pp. 156–161.

Under these statutory provisions, we have decided: 1. "That the bond given by the administrator, when he receives his letters, renders its obligors responsible for the proper application, by him, of the assets derived from the sale of real estate. 2. That the words 'such further and

additional bond as the Court may require,' as used in the statute, evidently conferred on the Court a discretionary power; and when, in its opinion, the original administration bond was sufficient to secure a proper application of all the assets belonging to the estate, including those to be produced by the sale of real property, further security would not be required. 3. That no suit could be maintained upon the additional bond until the penalty of the original bond was exhausted." *Salyer* v. *The State*, 5 Ind. 202. If this decision be correct, and we are inclined to follow it, the defendants are not liable for contribution; because the statute itself makes the second bond not a primary security, "but only subsidiary to the original bond given by the administrator." Indeed, it may be well assumed, that the plaintiff and defendants, in this instance, are really not co-sureties; they are not equally bound for the same prospective duties; nor are their respective engagements of the same legal operation. The plaintiff, as surety, is bound for the performance of every duty enjoined, by law, upon the administrator, while the defendants are simply bound for the faithful application of the moneys arising from the sale of the real estate, and, then, only in the event that the administrator's original bond has become insufficient, as a security, for such faithful application of moneys. And thus, not being co-sureties with the plaintiff, the defendants can not be held liable for contribution. *Craythorne* v. *Sweinburne*, 14 Vesey, pp. 159, 165, 169; *Breckenridge* v. *Taylor*, 5 Dana, 110; *Harrison* v. *Lane et al.*, 5 Leigh, p. 414 to 417; *Langford's executors* v. *Perrin*, *id.* p. 552 to 558.

We are of opinion that the demurrer was well taken, and, it follows, the judgment must be affirmed.

*Hanna*, J., was absent when this case was considered.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. S. Reid*, for appellant.

*James C. McIntosh*, for appellees.