The State ex rel. Mount *v.* Steele.

lars; and whether the wagon was thus injured was a question for the jury. *The State* v. *Clevinger*, 14 Ind. 366.

The judgment is reversed, with costs. Cause remanded for trial.

*Oscar B. Hord*, Attorney General, and *John C. Bufkin*, for the State.

———————⟨✦⟩———————

THE STATE *ex rel.* MOUNT *v.* STEELE.

GUARDIAN AND WARD—BOND.—The additional bond given by a guardian, in an application to sell the real estate of his ward, under § 18, 2 G. & H. 571, is not discharged by the fact that, on reporting the sale of the real estate, he produced the proceeds of the sale in Court and then withdrew them by order of the Court.

SAME.—Such a bond is not merely subsidiary to the original bond given by the guardian, but is an independent undertaking, and can only be discharged by the actual payment of the moneys arising from the sale of the real estate, according to law, to the ward, or other person entitled to receive the same, and suit may be instituted upon such bond whenever it is broken, without first resorting to the original bond.

SAME.—The guardian, and not the judge or clerk of the Court, is the proper custodian of the moneys arising from the sale of the ward's real estate.

The cases of *Salyer* v. *The State*, 5 Ind. 202, and *Salyers* v. *Ross*, 15 *id.* 130, are distinguished from the present.

APPEAL from the *Boone* Common Pleas.

WORDEN, J.—Action by the appellant against the appellee, upon a bond given by a guardian upon application for the sale of his ward's real estate. The bond was given for the

The State ex rel. Mount *v.* Steele.

purpose and in the form contemplated in the following statutory provision: "Upon the appraisement of said real estate being filed in writing, signed by said appraisers, the Court shall require such guardian to execute bond, with sufficient freehold sureties, payable to the State of *Indiana*, in double the appraised value of such real estate, with condition for the faithful discharge of his duties, and the faithful payment and accounting for of all moneys arising from such sale according to law." 2 R. S. 1852, p. 327.

There were two paragraphs in the complaint. The first, after alleging a sale of the relator's real estate, by order of the Court, and the receipt by the guardian of the sum of 1,700 dollars therefor, states by way of breach that the money thus received by the guardian was produced by him in Court at the time he made his reports of the sales of the property, but that it was withdrawn by him by order of the Court, and has been by him converted to his own use. That the guardian has neglected and refused to pay or account for said moneys to the proper Court and to the relator, who arrived at majority in *March*, 1859.

A demurrer was sustained to this paragraph, and the relator excepted.

The second paragraph alleges, by way of breach that the guardian sold certain real estate of the relator for 250 dollars, but falsely reported to the Court that he had only received 150 dollars, and fraudulently converted to his own use 100 dollars, and refuses to account for and pay the same over according to law.

A demurrer to this paragraph was overruled, and the defendant excepted.

The appellee assigns a cross-error upon the decision overruling his demurrer to the second paragraph. This we will notice first, as the objection made to this paragraph applies as well to the first. It is urged that the bond in suit is merely

The State ex rel. Mount *v.* Steele.

subsidiary to the original bond given by the guardian for the faithful performance of his duties, and that no action can be maintained upon it until the original bond is exhausted. We are of a different opinion. The bond in suit is an independent undertaking, and suit may be brought upon it whenever it is broken, without having first resorted to the original bond of the guardian. This view is not in conflict with the cases of *Salyer* v. *The State*, 5 Ind. 202, and *Salyers* v. *Ross*, 15 Ind. 130, as the bonds in these cases were given under a statute which, as was held, left it discretionary with the Court to require an additional bond or dispense with it. Here we have seen, by the statute above set out, that no such discretion is vested in the Court. In no case can the ward's land be ordered to be sold without giving the required bond.

The cross-error is not well assigned.

We come to the first paragraph of the complaint, and that, in our opinion, was also good, and the demurrer should have been overruled. It is claimed by the appellee that when the guardian brought the money into Court, upon making report of the sale, and received it back by order of the Court, the money went into the general fund, and the bond in suit had "performed its office."

The bond we have seen was conditioned "for the faithful payment, and accounting for, all moneys arising from such sale, according to law." This condition requires not only the accounting for the moneys, but their payment according to law. Their payment according to law signifies payment to the ward, or other persons entitled to receive the same. To be sure, when the guardian reports the sale of real estate, he is required to produce the proceeds of the sale and the notes, &c., given to secure the purchase-money. 2 R. S. 1852, p. 328, sec. 21. But this production of the proceeds can be no discharge of the obligation to pay the same according to law. When produced, neither the Judge of the Court, nor the

VOL. XXI.—14.

Clerk thereof, is the proper custodian of the funds.    The statute does not require the proceeds to be paid over to the Clerk, or any other officer, but leaves them in the proper custody of the guardian.

For the error in sustaining the demurrer to the first paragraph of the complaint, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*R. C. Gregory,* for the appellant.

*S. C. Willson,* for the appellee.