## Commonwealth *versus* Hilgert *et al.*

1. The sureties in an administration-bond are not in any way liable for the proceeds of the real estate.

2. An administrator having sold the real estate of his decedent under an order of the Orphans' Court for the payment of debts, settled an account, in which he charged himself with the amount of the inventory, the proceeds of the real estate, rents and profits, &c., not showing any specific appropriation of any part of the assets to any particular debts. *Held*, That this not being such an account as the act contemplates, it could not be received in evidence in an action against the sureties in the bond for the sale of the real estate.

January 31st 1867.    Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the Court of Common Pleas of *Northumberland county*.

This was an action of debt to November Term 1862, by the Commonwealth of Pennsylvania, with the suggestion of Elizabeth Everett and others, as plaintiffs, against Philip W. Hilgert, administrator, &c., of Philip Hilgert, deceased, James S. Dougal and Thomas Swenk, on the official bond of Philip W. Hilgert, with the other defendants as his sureties in the penalty of $16,000, conditioned that the administrator should faithfully execute an order issued by the Orphans' Court, to sell the real estate of the decedent and "truly account for and pay over the proceeds thereof in such manner, as the said court shall decree and according to law."

The plaintiffs in the suit were the heirs and representatives of the decedent, entitled to the proceeds of his real estate after the payment of his debts.

The plaintiffs gave in evidence the petition of the administrator for the sale, showing the amount of the inventory of the personal estate to be $3733.47, and the debts $6245 ; the order of sale of the decedent's land, the administrator to enter into bonds in the penalty of $16,000 with Dougal and Swenk, as sureties, the bond, dated November 3d 1858, and the return of the administrator, that he had sold the land for $14,250, with the confirmation of the sale, January 4th 1859.

They then offered in evidence the account of the administrator, charging himself with the inventory, the proceeds of sale of the real estate, rents and profits of the land and other small items of charge, and crediting himself with the debts and expenses of the estate.

Also, the report of an auditor, finding the balance in the administrator's hands to be $7332.62, and reporting a distribution of that sum amongst the plaintiffs. All of which were objected to by the defendants for several reasons, two of which were, that

"The account filed and offered does not show that any part

of the real estate is not accounted for by Philip W. Hilgert," and

" That said account contains promiscuously charges on the debit side of the personal estate—the rents and profits of the land, and the proceeds. of the sale of the real estate ; and on credit side makes no distinction as to their application."

The evidence was rejected and a bill was sealed. The plaintiffs then renewed the offer with the addition of the inventory and the vouchers accompanying the account. This offer also was rejected and a bill sealed.

The court (Jordan P. J.) directed the jury to find for the defendants, and they so found.

The rejection of the evidence and directing a verdict for the defendants, were the errors assigned in the Supreme Court.

*G. F. Miller* and *J. Porter*, for plaintiffs in error, cited Commonwealth *v.* Bryan, 8 S. & R. 132 ; Commonwealth *v.* Gibson, 8 Watts 214 ; Walker's Estate, 3 Rawle 237 ; Hanna's Appeal, 7 Casey 53.

*W. S. Lawson* and *J. Pollock*, for defendants in error.

The opinion of the court was delivered, February 14th 1867, by READ, J.—Every administrator is required to give a bond with two or more sureties, the condition of which is prescribed by the 24th section of the Act of 15th March, 1832. This bond relates only to the personal estate, and does not include the proceeds of real estate, for which the sureties are not in any manner liable.

When a sale is made by an executor or administrator under the order of the Orphans' Court, of the real estate of the decedent for the payment of debts, he must give security to be approved of by the Orphans' Court having jurisdiction of his accounts, for the faithful application of the proceeds of such real estate, according to law.

The security given in this case was the bond of the administrator with two sureties, and upon this bond this suit is brought against the obligors, who are bound only to account for and pay over the proceeds of the real estate according to law.

" The security exacted from the administrator," says Judge Rogers in McCoy *v.* Scott, 2 Rawle 222, " has reference to the value of the personalty,. as was decided at Sunbury, when we held that the surety in an administration-bond was not liable for the real estate. When lands are wanted for the payment of debts there is a mode pointed out by the Act of Assembly, which the administrator is bound to pursue, for the real fund is not absolutely but *sub modo* assets in his hands." " The distinction," say the court, " between these and the real assets, is recognised even by a statute which requires a separate bond for the latter, the administration

[Commonwealth *v.* Hilgert.]

of which, to avoid the uncertainty which springs from confusion, ought to appear also by a separate account." Commonwealth *v.* Gilson, 8 Watts 214.

In order, therefore, to ascertain the liability of the sureties in the bond in suit, there should have been a separate and distinct account of the proceeds of the real estate, and of the payments and disbursements made out of it by the administrator, and the balance if any against the accountant would have been the amount of the sureties' liability: Commonwealth *v.* Stub, 1 Jones 150; Boyd *v.* Commonwealth, 12 Casey 359. Instead of this an account is produced composed of real and personal estate, and rents and profits of real estate, not showing any specific appropriation of any part of the assets, to any particular debts. This is not such an account as the act contemplates, and the court therefore properly rejected it. Great injustice might be done to the real estate sureties, for all the real estate proceeds may have been applied to pay debts, which the personal estate should have paid if it had not been squandered by the administrators.

The statements of counsel point to such a state of things, and it would have worked great injustice if this lumped account had been laid before the jury. It is clearly not such an account as would ascertain and fix the liability of the sureties.

Judgment affirmed.