## Blauser *versus* Diehl *et al.*

1. Where the real estate of a minor is sold, under an order of the Orphans' Court, the original sureties of the guardian are not liable for the failure of the guardian to pay over the proceeds of the sale.

2. Before the court confers the power of sale upon a guardian, it is required to see that he executes a bond, with sufficient sureties, conditioned for the faithful appropriation of the proceeds of the proposed sale. This is a collateral provision, complete in itself, and designed to be operative in cases not embraced in or contemplated by the original appointment of a guardian.

May 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Adams county:* Of May Term 1879, No. 130.

Debt on a bond by M. B. Blauser, guardian of Savannah I. Hartzel, against J. H. Myers, Jeremiah Diehl and John Wolford. The material facts were these: On the 20th of August 1860, Myers was appointed by the Orphans' Court the guardian of the person and estate of Savannah I. Hartzel, a minor child of L. E. Hartzel, deceased. On the same day, he filed a bond in the sum of $2000, made in pursuance of the Act of March 29th 1832, which was approved by the court. Diehl and Wolford were the sureties therein. The estate of the minor consisted of an undivided fourth part of a farm, and a small amount of personal property. On August 21st 1865, upon application to the Orphans' Court, an order was granted to the guardian to sell the real estate to provide for the maintenance and education of his ward, and for reinvestment, as the farm was unproductive and expensive. With this application was filed a bond, conditioned for the faithful appropriation of the proceeds, which the court approved. The real estate was sold under this order, and the sale confirmed on the 28th of December 1865. Myers received the purchase-money and retained it until 1877, when he became insolvent and was removed, his account, at this time, showing a balance due his ward of $1108.70. Blauser was then appointed guardian, who brought this suit on the original bond. No service was made upon Myers, who had removed from the county, and the defence was made by the sureties, who filed a special plea, wherein they alleged that the money sued for was the proceeds of a sale of real estate made by the order of the Orphans' Court, and that a bond had been given to secure this portion of the estate, which bond was a valid and sufficient security. The plaintiff demurred to this plea, and issue was joined thereon. It was agreed that of the amount claimed, $1020.10 were the proceeds of the real estate, and $88.60 of the personal property belonging to the ward. After argument, the

[Blauser v. Diehl.]

court (McLean, P. J.), overruled the demurrer, and entered judgment for $94.11, the amount of the personalty, with interest. The plaintiff took this writ and assigned this action for error.

*R. G. McCreary,* for plaintiff in error.—The bond in suit is in the form prescribed by the 8th section of the Act of March 29th 1832, and is sufficient in its amount and in its terms to embrace and secure the estate, real and personal. The change of form of the estate did not vary the liability of the sureties on the bond. The security required to be given on the sale of a minor's land, is cumulative, not substitutionary.

*David Wills,* for defendant in error.—A distinction is evidently made in the 8th section of the Act of 1832, between *property* and *estate,* the one referring to personal property and the other to real estate. It is true, the guardian has the management of the real estate of his ward, and receives the rents and profits; but the estate is in the minor. The bond is therefore only security for the property of the minor he receives, including rents and profits. The case is analogous to that of an administrator, whose sureties are in no way liable for the proceeds of the real estate: Beale v. Commonwealth, 17 S. & R. 392; Reed v. Commonwealth, 11 Id. 441; Commonwealth v. Gibson, 8 Watts 214; Commonwealth v. Hilgate, 5 P. F. Smith 286.

Mr. Justice GORDON delivered the opinion of the court, June 23d 1879.

The court refused to charge the defendants, sureties of John H. Myers, guardian of Savannah I. Hartzel and Lebright E. Hartzel, for the default in his account of the proceeds resulting from a sale of the real estate of his wards, under the order of December 21st 1865.

This, we think, was right. A guardian has, by virtue of his appointment, no power to alien the land of the minor or minors of whom he has charge; that power is conferred by statute, and only under and subject to prescribed conditions. It is a power entirely separate and distinct from that conferred by the appointment, the latter embracing only the *management* of the minor's realty. The statute under which these proceedings were had, requires the court, before it confers such new power upon the guardian, to see that he executes a bond, with sufficient sureties, conditioned for the faithful appropriation of the proceeds of the proposed sale. Thus we have a collateral provision complete in itself and designed to be operative in cases not embraced in or contemplated by the original appointment. It thus necessarily results that one who becomes surety for a guardian, does so in view of the duties and obligations which the law then imposes upon his principal, and with the knowledge that, should a sale of land become necessary, with the grant of new power, required for that purpose, new and ample security will be

[Blauser *v.* Diehl.]

provided. 'The sureties of the guardian are liable for all moneys or property that may come into his hands under the original power, and we therefore held them to such liability where money came into his hands from proceedings in partition : Lloyd *v.* The Commonwealth, 35 Leg. Int. 171. But in such case there is no new power conferred upon the guardian; he takes by virtue of his original appointment.

In this, then, is the distinction ; in the one case, the guardian takes the property by virtue of his original power; in the other, only by virtue of a new power, conferred by the order of sale, and this also distinguishes the responsibilities of the two classes of sureties ; they are independent and their obligations are distinct.

The case of Beale's Executors *v.* The Commonwealth, 17 S. & R. 392, though depending upon an administration bond, is, nevertheless, parallel to the one in hand. Both real and personal estate are, in Pennsylvania, assets for the payment of debts ; reasoning from this axiom, the court below, in the case cited, held, that the sureties in an administration bond were responsible for the proceeds of real estate sold by order of the Orphans' Court. But, in reversing the case the Supreme Court, by ROGERS, J., say : " The bond is usually taken in double the amount of the goods and chattels which properly form the inventory, and of which the real estate constitutes no part, and that no surety considers himself answerable for the value of the land. That the bond required by the act justifies this construction, since the condition only requires a proper inventory of the goods and chattels of the estate and a just and legal disposition of them. That the interest of the estate requires nothing more, for it is not certainly known that the land will be wanted for the payment of debts, for though the lands are assets in the administrator's hands they are so *sub modo* only, and when a sale becomes necessary and is ordered, sufficient security must be taken from the administrator for the faithful execution of the powers thus committed to him." Every word of this reasoning can as well be applied to a guardian. His bond is conditioned only for the proper management of the property and estate of the minor under his care, and for its return upon the order of the court, and his bondsmen have no reason to believe that they will be responsible for a sale of real estate which the guardian has no right to make. Such real estate is not assets in his hands for the maintenance of his wards, but the rents, issues and profits thereof only; it is not certainly known that a sale of land will become necessary, or that the court will order it; and, finally, if such sale is ordered, sufficient security must be taken to secure the proper disposition of the proceeds thereof. Such then being the accurate parallelism of the two cases, the one may well be permitted to rule the other, especially as, in this way, we the better reach the justice and equity of the case in hand.          The judgment is affirmed.