# Rhawn et al. *versus* Commonwealth.

1. The liability of sureties on a bond given by an assignee for the benefit of creditors, under the Act of June 14th 1836, extends to a default by the assignee in misappropriating the proceeds of incumbered real estate, sold by order of court under the provisions of the Act of February 17th 1876, notwithstanding the requirement of the latter Act that " before said sale is authorized the assignee shall file a bond with two approved sureties in double the estimated value of said real estate, conditioned for the faithful appropriation of the proceeds thereof."

2. The bond required by the Act of 1876 is cumulative merely. Where therefore, an assignee obtained an order of court for the sale of real estate under the Act of 1876, and the court approved the sureties on the original bond, supposing it to be a new bond as required by that act, and, after the confirmation of sale under the order, the assignee misappropriated the proceeds, the sureties in the original bond are liable for his default.

March 1st 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Columbia county:* Of January Term 1883, No. 178.

Debt, by the Commonwealth of Pennsylvania at the suggestion of George Raup, against Casper Rhawn, J. B. McKelvy and W. H. Abbott, upon an official bond given by W. H. Abbott as assignee for the benefit of creditors of William Raup, on which the other defendants were sureties. Pleas, nil

debet, payment, payment with leave, and as to Casper Rhawn, non est factum.

The case was tried, by agreement, without a jury before ELWELL, P. J., who found the facts to be as follows:—

On February 12th 1878, William Raup and wife executed a general assignment for the benefit of creditors to William H. Abbott, who accepted the trust and, having caused an appraisement to be made, gave the bond in suit, as assignee, with Casper Rhawn and J. B. McKelvy as sureties, in the sum of $3,000, dated February 14th 1878, conditioned "that if the above bounden W. H. Abbott, assignee of Wm. Raup aforesaid, shall in all things comply with the provisions of the Acts of Assembly in such case made and provided, and shall faithfully execute the trust confided to him, the above obligation to be void, or else to remain in full force and virtue."

A week later, on February 21st said assignee presented his petition, setting forth the insufficiency of personal estate to pay the debts, that the real estate was incumbered to such an extent with liens as to render it difficult to determine whether the same could be sold for enough to pay said liens; and praying for an order of sale of said real estate discharged of liens, in pursuance of the Act of February 17th 1876. The court on March 19th 1878 granted an order as prayed for, and on March 20th approved the sureties on the original bond of the assignee, dated February 14th 1878. ELWELL, P. J., in his decision, said as to this: . . . . "We have no doubt that the bond in question was approved by the court without reading the conditions, being told it was the proper bond in case of sale. The sureties being approved, it was not further examined. The use of the bond in that way was not a fraud upon the sureties, but rather a fraud upon the court and the creditors of the assignor."

The assignee, on May 16th 1878, made his return to the order of sale, that he had sold the real estate at public sale after due notice to Jonas Raup, for $1,386, which return was duly confirmed, no exceptions being filed thereto.

The assignee subsequently filed his account, in which he charged himself with the proceeds of said sale, which was referred to an auditor, who reported a net balance in the hands of the accountant of $595.33, of which sum he distributed, inter alia, $107.76 to George Raup ; the auditor's report and distribution was finally confirmed by the court March 9th 1881.

The assignee having failed and refused to pay said sum of $107.76 to said George Raup, this suit was instituted on the original bond.

ELWELL, P. J., in his conclusions of law, held that the defendants Rhawn and McKelvy, the sureties on the bond, were liable for the default of their principal, and that judgment should

be entered for the Commonwealth for the penalty of the bond, and for George Raup for $107.76, with interest.

Exceptions filed by the defendants Rhawn and McKelvy to the decision, were overruled by the court, and judgment was entered as therein directed, whereupon the defendants took this writ of error, assigning for error the overruling of their exceptions and the entry of judgment as above.

*C. R. Buckalew* and *W. H. Rhawn,* for the plaintiffs in error.—The Acts of 1836 and 1876 created two independent classes of sureties, whose obligations are distinct. The learned court erred, therefore, in holding the sureties under the Act of 1836 liable for the proceeds of a sale directed by the Act of 1876. The one sale is private, the other judicial. In the one case, the sale is made by the assignee as the mere agent or representative of the assignor; in the other, the court fixes the terms and supervises the sale. The bond, under the Act of 1836, contemplates a sale by the assignee without any order of court, and the liens created prior to the deed of assignment will not be divested thereby. The latter, under the Act of 1876, operates as a judicial sale, and passes an estate clear of all incumbrances. The danger of a misappropriation of the proceeds is, therefore, materially enhanced. The sureties, under the Act of 1836, should have only been held liable on the bond which they signed, and not on a bond which was different in its obligations, and in the creation of which they had no part: In re Fulton's Estate, 1 Smith 211 ; Armstrong's Appeal, 18 Id. 412 ; Demmy's Appeal, 7 Wr. 166; Fisher *v.* Kurtz, 4 Casey 47 ; Blauser *v.* Diehl, 9 Norris 350.

This position is sustained by the authority of cases that are analogous to ours. In Commonwealth *v.* Toms, 9 Wr. 408, it was decided that the sureties in a bond given by a register, under the Act of March 15th 1832, for the faithful execution of duties, are not liable for his misappropriation of collateral inheritance taxes, for the reason that the Act of 1841, imposing this tax, requires a special bond for this purpose. In Reed *v.* Commonwealth, 11 S. & R. 442, it was held that the sureties in an administration bond are not liable for the proceeds of real estate sold by an administrator by order of the Orphans' Court, for the same reason that special security is required in such cases. Again, the sureties on the bond of a county commissioner are not liable for his failure to pay over moneys collected by him on account of school lands, where there is a statute requiring a special bond with reference to such lands : State *v.* Young, 23 Minn. 551. See also : State *v.* Bradshaw, 10 Ired. 229 ; Crumpler *v.* Governor, 1 Dev. 52 ; Governor *v.* Barr, Id. 65; Governor *v.* Matlock, Id. 213 ; Milwaukee Co. Commissioners *v.* Ehl-

ers, 45 Wis. 281. All these cases are in clear analogy with ours, and we therefore, on reason and authority, ask for a reversal.

*Wm. L. Eyerly* and *John G. Freeze*, for the defendants in error, cited : Patterson's Appeal, 12 Wr. 342 ; Little *v.* Commonwealth, Id. 337 ; Bank *v.* Auth, 6 Norris 419.

Mr. Justice PAXSON delivered the opinion of the court, April 9th 1883.

The single question presented by this record is whether the original sureties on the bond of an assignee for the benefit of creditors are liable for the proceeds of real estate sold by the assignee under the Act of Feb. 17th 1876, P. L. 4. The second section of said Act authorizes assignees for creditors to apply to the court of common pleas for an order to sell the real estate of assignors in all cases where there are existing incumbrances to such an extent as " to render it difficult to determine whether the same (the real estate) can be sold for enough to pay all the liens" &c. A sale under this Act discharges all liens except such mortgages as are prior to all other liens except " other mortgages, ground rents and the purchase money due the commonwealth." The proviso to said section requires that " Before said sale is authorized the assignee or assignees shall file a bond with two approved sureties, in double the estimated value of the real estate conditioned for a faithful appropriation of the proceeds thereof."

The bond in suit was given on the 14th day of February, which was the day following the appraisement of the assigned estate. The court below found as a fact that the bond was intended as the bond required to be given under the Act of the 14th June 1836, P. L. 630. It is certainly in the precise language of said Act. No additional security was given upon the sale of the real estate. The assignment was made on February 12th 1878, the appraisement made on February 13th and the bond given February 14th. The application for an order of sale was made February 21st. From the finding of the court below it is probable this bond was handed to the court upon the application for an order of sale as and for the bond required by the Act of 1876. The learned judge says in his opinion : " It is no doubt the duty of the court to see to it that the proper security was given, and we have no doubt that the bond in question was approved by the court without reading the conditions, being told that it was the proper bond in case of sale. The sureties being approved it was not further examined." This, as the learned judge correctly said, was a fraud upon the court and the creditors, not upon the sureties.

[Weldy's Appeal.]

The bond which the sureties signed contained the broad condition that the assignee should " in all things comply with the provisions of the Act of Assembly in such case made and provided, and should faithfully execute the trust confided to him."

The very first step which this assignee took after giving this bond was a breach of its condition. The faithful execution of his trust required him to give a special bond for the sale of the real estate under the Act of 1876. This duty was not only neglected, but there are strong grounds for the belief that he avoided it by an imposition upon the court.

Aside from this, it is perfectly clear that the sureties are liable for the proceeds of the sale of the real estate. The sale passed a good title to the purchaser. The want of the security required by the Act of 1876, does not affect the validity of the sale after the confirmation : Lockhart *v.* John, 7 Barr 137. The confirmed account of the assignee is conclusive of the fact that he received the purchase money. The bond required by the Act of 1836 is always taken in double the appraised value of the estate, both real and personal. It has never been doubted that the sureties on such bonds are liable for the proceeds of real estate where the assignee sells the same without an order of court. The bond required by the Act of 1876 is cumulative merely, and when taken does not relieve the original sureties from their liability under the bond required by the Act of 1836.

Judgment affirmed.