## COMMONWEALTH, TO USE, v. C. H. PRAY.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 4, 1889—Decided April 15, 1889.

The surety on the general bond of a guardian, is not liable for the proceeds of real estate sold under an order of the court, even though at the time the bond was given the surety knew that the ward had no personal estate : Blauser v. Diehl, 90 Pa. 350, followed.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 201 January Term 1889, Sup. Ct.; court below, No. 128 December Term 1887, C. P. No. 3.

A case stated between the Commonwealth, to use of Robert S. Boyer, as plaintiff, and Charles H. Pray, as defendant, showed that the suit was brought on a guardian bond given by George W. Boyer, as principal, and the defendant Charles H. Pray, as surety, upon the appointment of said George W. Boyer as guardian of the use plaintiff, by the Orphans' Court of Philadelphia. The bond was in the usual form. The case stated proceeded :

In the affidavit to the petition for the appointment of the guardian, it is stated, " that the amount of property that will come into his hands as such guardian will not exceed the sum of twelve hundred and fifty dollars, the same being the proceeds of sale of real estate belonging to said minor." Defend-

ant was also informed that there was no property but the real estate hereinafter mentioned.

Subsequently thereto the said guardian applied to the said Orphans' Court for permission to join with other parties in interest in selling and conveying certain real estate in which the said minor, the plaintiff, had an undivided interest. The petition set forth, inter alia, that the minor had no personal property. The court made the order prayed for, and directed security to be given in the sum of $2,000. Defendant was requested to become the surety, but refused. The property was sold, and bond was duly given by the guardian with one Charles B. Kendig as surety, who was duly approved as such.

The said Geo. W. Boyer died within three years of his appointment and while his ward was still under age. He had filed no inventory, except so far as the statements in the petitions for his appointment and for the sale of said real estate may be regarded as such, and he had filed no account.

Subsequently to his coming of age, the plaintiff filed a petition against the administratrix of George W. Boyer for an account. This petition, with the answer, was referred to a master for the purpose of stating an account, and the proceeding resulted in a finding and decree by the court that the "master's report be corrected in accordance with the views expressed in the opinion of the court, and that there is in the hands of the guardian as proceeds of the sale of the minor's real estate $720.27, with interest thereon as charged by the master $514.42, and that the accountant is charged with the master's fee of $200, making in all $1,434.69, as of July 2, 1887, the date of the opinion."

It is further agreed that the proceedings for the appointment of the guardian, for the sale of the real estate and for the settlement of the account, with all the matters of record appertaining thereto, being now of record in said Orphans' Court at No. 286 May Term 1873, and No. 1 October Term 1880, and that both of said bonds, entered of record as aforesaid, shall be treated as part of this case stated, and may be referred to by either party as if herein fully set forth ; also that the opinion of the court upon the exceptions to said master's report may be read from the report in Boyer's Est., 20 W. N. 207, 208. . . . . .

The court shall make such order and enter such judgment as

shall be just and lawful.    Both parties reserve the right to writ of error, etc.

On December 13, 1888, the court, FINLETTER, P. J., entered judgment for defendant on the case stated.    The plaintiff then took this writ.    No assignment of error appeared in the paper book of the plaintiff in error.

*Mr. William S. Stenger*, for plaintiff in error.

*Mr. J. Howard Gendell*, for defendant in error.

PER CURIAM:

This case is clearly ruled by Blauser v. Diehl, 90 Pa. 350, and for reasons there given the judgment should be affirmed.

The defendant is surety on the general bond of the guardian. The only fund that came into the guardian's hands and as to which he is in default, was from the sale of his ward's real estate, made under an order of the Orphans' Court.    When that order of sale was made the guardian gave a special bond, with another person as surety, conditioned for faithful application of the proceeds sale.    The defendant was asked to become surety on that bond, but he refused to do so.    This suit was manifestly brought on the wrong bond.

Judgment affirmed.