## Commonwealth *v.* American Bonding and Trust Company of Baltimore.

*Guardian and ward—Principal and surety—General guardianship bond—Sale of real estate.*

Where a bond given by a guardian and his surety is on its face a general guardianship bond, and it appears that the surety had no knowledge that the bond was intended for any other purpose than that which appeared upon its face, the surety cannot be held liable for the misappropriation by the guardian of the proceeds of the sale of real estate sold by the guardian under an order of court.

Argued Feb. 13, 1901. Appeal, No. 5, Feb. T., 1901, by plaintiff, from order of C. P. Lycoming Co., March T., 1900, No. 489, discharging rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Leila D. Cowles, v. The American Bonding and Trust Company of Baltimore City. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a bond of a guardian.

From the record it appeared that the bond on its face was a general guardianship bond. The suit was brought to recover money which was the proceeds of the sale of real estate sold by the guardian under an order of court, and misappropriated by him.

The surety filed an affidavit of defense denying any knowledge or notice that the bond was intended by the guardian or by the orphans' court to be for the faithful application of the proceeds of the sale of real estate.

The court discharged the rule.

*Error assigned* was the order of the court.

*T. M. Hicks*, for appellant cited: Shalter & Ebling's App., 43 Pa. 83; Zeigler v. Sprenkle, 7 W. & S. 175; Hartzell v. Com., 42 Pa. 435; Lloyd v. Com., 35 Legal Int. 171; Rhawn v. Com., 102 Pa. 450.

*Seth McCormick*, with him, *Henry C. McCormick*, for appellee, cited: Blauser v. Diehl, 90 Pa. 350; Com. v. Pray, 125 Pa.

542; State v. Peterman, 66 Mo. App. 257; Kester v. Hill, 42 W. Va. 611.

OPINION BY BEAVER, J., March 19, 1901:

We can see no difference, so far as the general liability of the defendant is concerned, between this case and those of Blauser v. Diehl, 90 Pa. 350, and Com. to use v. Pray, 125 Pa. 542. The bond upon which the defendant is surety is a general guardianship bond. There is no specific denial in the affidavit of defense of its having been given, as alleged in plaintiff's statement, as a special bond, as required by law, in the sale of real estate by a guardian. The defendant, however, files with his affidavit a copy of the application which the guardian made for it to become his surety. There is no intimation in the application that real estate is to be sold and nothing to put the defendant upon notice in any way that it is to be used as security therefor. The bond given by the defendant meets the conditions set forth in the application and must, therefore, be construed as a general guardianship bond. The allegations of the plaintiff that the defendant knew that the bond was to be used in an application for the sale of real estate, and that the guardian was the agent of the defendant in presenting the bond to the court, are specifically denied in the affidavit of defense. These denials are to be taken for the present as true, leaving nothing but the legal liability of the defendant, under the bond as given, to be determined. This, as we have already said, is ruled by the causes cited above.

The case of Rhawn v. Com., 102 Pa. 450, arose under a bond given by an assignee and sureties, as required by the act of June 14, 1836. There is no analogy, however, between the bond of an assignee and that of a guardian. In the case of the former the bond is always taken in double the appraised value of the estate, both real and personal, and as is said by Mr. Justice PAXSON in that case, "It has never been doubted that the sureties on such bonds are liable for the proceeds of real estate, where the assignee sells the same without an order of court." A guardian has no title to real estate which will enable him to make sale thereof without an order of court; and, when that order is applied for, he becomes in effect the trustee appointed by the court to make the sale. His authority is entirely statu-

tory and his duties, including the giving of a bond, are regulated by statute. The Acts of June 16, 1836, P. L. 682, and of April 3, 1851, P. L. 305, both require a bond to be given, conditioned for the faithful appropriation of the proceeds of the sale. We are bound to presume, under the case as presented to us, upon the statement and affidavit of defensë, that the surety intended to assume no other or greater obligation than that contained in a general guardianship bond, such as it signed as surety, but which does not contemplate the sale of real estate. All knowledge of the fact that the bond given was intended for any other purpose than appears upon its face and all participation in the use of the bond for any other purpose being distinctly denied, we think the court committed no error in refusing to enter judgment for want of a sufficient affidavit of defense.

Appeal dismissed at the cost of the appellant.