144, (1904).]    Statement of Facts—Opinion of the Court.

No. 174, on verdict for defendant in case of H. Y. Yost v. Andrew Clark. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Motion to quash appeal.

The motion was based upon an affidavit of the defendant, which averred, inter alia, that no exception to the charge of the court was granted or asked for at the trial; that the alleged copy of the notes of evidence and charge of the court which is on file with the records in said case was never certified to by the president judge, and that what purports to be his signature pasted to a certificate in said case was never attached to said notes of evidence and charge by the said judge or with his knowledge or permission.

At the hearing by permission of the Superior Court, the attorneys for the appellant were permitted to file affidavits to the effect that the record when lifted from the prothonotary's office was in the identical condition as it appeared before the Superior Court, and that they had nothing to do with the pasting of the signature thereon.

*C. H. Cornelius,* with him *Harvey F. Heinly,* for appellant.

*S. F. Channell,* with him *H. A. Ashton, F. E. Watrous* and *H. F. March,* for appellee.

PER CURIAM, March 9, 1904:
Appeal quashed.

---

# Commonwealth to use Appellant *v.* American Bonding Company.

*Guardian and ward—Principal and surety—General guardianship bond—Sale of real estate.*

Where a bond given by a guardian and his surety is on its face a general guardianship bond and it appears that the surety had no knowledge that the bond was intended for any other purpose than that which appeared upon its face, the surety cannot be held liable for the misappropriation by

the guardian of the proceeds of the sale of real estate sold by the guardian under an order of court.

Argued March 11, 1904.    Appeal, No. 20, Feb. T., 1904, by plaintiff, from judgment of of C. P. Lycoming Co., March T., 1900, No. 489, on verdict for defendant non obstante veredicto in case of Commonwealth to use of Leila D. Cowles v. The American Bonding Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a bond of a guardian.
For the facts see 16 Pa. Superior Ct. 570.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas M. B. Hicks*, for appellant.

*Seth T. McCormick*, for appellee.

OPINION BY BEAVER, J., May 10, 1904 :

The legal effect of the bond given by the defendant in this case and its liability thereunder for the misapplication of funds arising from the sale of the real estate of the use plaintiff were fully passed upon in Com. v. American Bonding & Trust Co., 16 Pa. Superior Ct. 570.

Little need be said in addition to what was said when the case was here on the question of the sufficiency of the affidavit of defense.    It was then alleged : " That the defendant knew that the bond was to be used in an application for the sale of real estate and that the guardian was the agent of the defendant in presenting the bond to the court," which allegations were specifically denied in the affidavit of defense.    These allegations and the denial thereof raised the question of fact necessary to be submitted to a jury.

On the trial of the case there was no evidence whatever which tended, either directly or indirectly, to charge the defendant with a knowledge of the use of the bond for any purpose other than shown in the application, which was " for the faithful performance of trust, as guardian of Dora Leila Angle, minor child of Lavinia O. Angle, deceased."    The court was,

therefore, justified in entering judgment for the defendant non obstante veredicto. The re-examination of the authorities cited in our former opinion leaves no doubt in our mind as to the correctness of this conclusion.

Judgment affirmed.