## Commonwealth to use, Appellant, v. The American Bonding Company.

*Guardian and ward—Principal and surety—General guardianship bond—Sale of real estate.*

Where a bond given by a guardian and his surety is on its face a general guardianship bond and it appears that the surety had no knowledge that the bond was intended for any other purpose than that which appeared upon its face, the surety cannot be held liable for the misappropriation by the guardian of the proceeds of the sale of real estate sold by the guardian under an order of court.

Argued March 13, 1905.    Appeal, No. 285, Jan. T., 1904, by plaintiffs, from judgment of Superior Court, Feb. T., 1904, No. 20, affirming judgment of C. P. Lycoming Co., March T., 1900, No. 489, on judgment for defendant non obstante veredicto in case of Commonwealth to use of Leila D. Cowles v. The American Bonding Company.    Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Appeal from Superior Court.    See Commonwealth v. American Bonding Co., 25 Pa. Superior Ct, 145.

BEAVER, J., filed the following opinion:
The legal effect of the bond given by the defendant in this

case and its liability thereunder for the misapplication of funds arising from the sale of the real estate of the use plaintiff were fully passed upon in Commonwealth v. American Bonding & Trust Co., 16 Pa. Superior Ct. 570.

Little may be said in addition to what was said when the case was here on the question of the sufficiency of the affidavit, of defense.  It was then alleged: " That the defendant knew that the bond was to be used in an application for the sale of real estate and that the guardian was the agent of the defendant in presenting the bond to the court," which allegations were specifically denied in the affidavit of defense.  These allegations and the denial thereof raised the question of fact necessary to be submitted to a jury.

On the trial of the case there was no evidence whatever which tended, either directly or indirectly, to charge the defendant with a knowledge of the use of the bond for any purpose other than shown in the application, which was " for the faithful performance of trust, as guardian of Dora Leila Angle, minor child of Lavina O. Angle, deceased."  The court was, therefore, justified in entering judgment for the defendant, non obstante veredicto.  The re-examination of the authorities cited in our former opinion leaves no doubt in our minds as to the correctness of this conclusion.

Judgment affirmed.

*Error assigned* was the judgment of the Superior Court.

*Thomas M. B. Hicks*, for appellant.

*Seth T. McCormick*, for appellee.

PER CURIAM, June 22, 1905 :

This judgment is affirmed on the opinion of the Superior Court.