Commonwealth, for use, *v.* Nestler
(et al., Appellants).

Argued May 25, 1933.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

■■■■■■■

■■■■■■■

*J. McI. Smith,* of *Nauman, Smith & Hurlock,* with him *Andrew Banks,* for appellant.

*F. M. M. Pennell,* for appellee.

*Geo. Ross Hull,* of *Snyder, Miller, Hull & Hull,* for Metropolitan Casualty Insurance Company of New York.

OPINION BY MR. JUSTICE DREW, June 30, 1933:

The court below appointed a permanent receiver, who gave a bond conditioned upon his faithful accounting for all moneys received by him, and upon his faithful execution of the trust confided in him; thereafter the court directed him to sell all real and personal property in his hands, and an additional bond was required, which bond was conditioned upon his faithful and proper accounting for the proceeds of such sale; the receiver defaulted as to a part of these proceeds, but in an amount less than the sum of either bond. The record presents but a single question: Which of the two sureties is liable to make good the default? The lower court held that the first surety was liable, that the second bond was merely cumulative to the first, and that no recourse could be had to the second bond until the original bond was exhausted, or it was demonstrated that the amount could not be collected from the first surety. The surety on the original bond appealed.

It is apparent that the condition of the original bond was comprehensive enough to cover every act of the receiver in his official capacity, and thus hold the surety for the liability here sought to be imposed. But appellant contends that by the terms of his appointment the receiver had no power to sell the property in his possession, and that under the rule that a surety is not to be

held liable beyond the scope of his original undertaking, it is not responsible for the default of the receiver in accounting for the proceeds of the real estate. The sale of property on order of the court is a usual and ordinary duty of a receiver. It is undoubted that courts of equity have inherent power to sell property in their possession when such sale is necessary for the proper protection of the interests involved: First Nat. Bank v. Shedd, 121 U. S. 74; see Clark, Receivers (2d ed.), section 482; 53 C. J. 205. A receiver is an executive officer of the court which appoints him, and his acts with regard to the property in his custody, when authorized, are the acts of the court in whose hands, in contemplation of law, the property actually is: Schwartz v. Keystone Oil Co., 153 Pa. 283; Blum Bros. v. Girard Nat. Bank, 248 Pa. 148. Of course, when the court authorizes a receiver to sell, it may, in the exercise of its discretion, require him to give another bond as security for the added funds which will come into his hands. No statute requires a receiver to give such a bond, and doubtless if the original bond were considered sufficient security, the court would not require it. The learned court below, recognizing this, said, "If the [small] value of the estate......had been realized at the time the order of sale was granted, doubtless no additional bond would have been required."

This case is ruled by our decision in Lloyd v. Com., 35 Leg. Int. 171. There a guardian, after his appointment, gave bond with sureties in the sum of $40,000 for the faithful performance of his duties. Subsequently, property in which his wards had an interest was partitioned in a proceeding which was not instituted by the guardian, and the latter applied to the court for authority to receive his wards' share of the proceeds of the sale. The petition was granted, and the court ordered him to give a second bond, in the sum of $5,000. After receiving the proceeds of the sale, the guardian was found to be in default to the extent of $25,000. He was discharged and another guardian appointed in his stead, who brought

suit against the sureties on the original bond to recover the entire amount of the default. The question presented to the court in a case stated was whether the defendants were liable for the entire amount of the default, or only for $20,000, with the sureties on the second bond being liable for the remaining $5,000. We held, affirming the court below, that as the original bond was conditioned upon the faithful performance of the guardian's duties, it covered the liability sought to be imposed, that as the second bond was not required by statute but merely by the court in the exercise of its discretion, the latter was not in exoneration of the original bond, but merely cumulative and additional security; and that therefore the sureties on the original bond were liable for the entire amount of the default.

The facts of the Lloyd case are closely analogous to those of the case at bar. Here, as there, the condition of the original bond is comprehensive enough to cover any act of the principal in his official capacity. So, also, the receipt of the proceeds of the sale was, in both cases, a usual and ordinary power of the principal, and the second bond was only required by the court in the exercise of its discretion, not by the provisions of any statute. The same conclusion necessarily follows—that in these circumstances the second bond is merely cumulative or additional security to the first, and does not exonerate the sureties on the original bond from their liability for a default of the principal as to the proceeds of the real estate. To the same effect, see Salyer v. State, 5 Ind. 202; Salyer v. Ross, 15 Ind. 130.

Appellant argues that the facts of the Lloyd case are such that the question was not presented as to whether the surety on the second bond was primarily liable. This contention is based upon Justice PAXSON's statement, in the opinion, that "The guardian having failed to pay over the balance found due the minors upon a settlement of his account, and the surety in the last bond having failed to respond to the extent of his liability, this pro-

ceeding was commenced to collect the amount of the decree from the original sureties." It is argued that this demonstrates that recourse had first been had to the surety on the second bond, but that it had proved impossible to collect from him. An examination of the case stated, which contained the only facts before the court, discloses no effort to collect on the second bond. The opinion of the court below (12 Phila. 221) is entirely silent on this point. It follows, therefore, that the clause upon which appellant relies has no support in the facts of the case. We are satisfied that Lloyd v. Com. squarely supports our present decision.

Appellant has cited a number of cases which it claims deal with situations comparable to that in the instant case, and which hold that the surety on the second bond is solely liable for a default by the fiduciary as to the matter for which that bond was specifically given. These cases are not in point; they deal with bonds given to secure the proceeds of the sale of real estate by an administrator (Reed v. Com., 11 S. & R. 441; Beale's Ex'rs v. Com., 17 S. & R. 392; Com. v. Gilson, 8 Watts 214; Com. v. Hilgert, 55 Pa. 236; Com. v. Reed, 8 Phila. 20), or a guardian (Blauser v. Diehl, 90 Pa. 350; Com. v. Pray, 125 Pa. 542; Com. v. Am. Bonding Co., 212 Pa. 365, 16 Pa. Superior Ct. 570, 25 Pa. Superior Ct. 145), or with bonds conditioned upon the faithful performance by a public officer of special duties imposed on him by statute: Com. v. White, 75 Pa. Superior Ct. 554. In all these cases, the duty for the faithful performance of which the second bond was required was one which did not regularly belong to the principal. Therefore, since the original bond was not given in contemplation of any such new and different duty, the surety thereon was held not answerable for a default in the performance of the new obligation. This distinction is clearly drawn in Reed v. Com., supra; Beale's Ex'rs v. Com., supra; Blauser v. Diehl, supra, and Com. v. White, supra, and it is obviously the ruling principle in the other cases

cited. Where, as here, the second bond is required merely because of additional funds coming into the receiver's hands, and not because he had been called upon to perform a new and different duty, the cases which appellant cites have no application.

Judgment affirmed.