Williams *v.* Morton.

38    47
88   315

WILLIAMS, *Judge of Probate, versus* MORTON & al.

A sale and conveyance of the real estate of his wards by their guardian, under a license of the Probate Court, without complying with the requirement of the statute as to giving a *bond*, will vest no title in the grantee; and the money paid for such a deed may be recovered back in an action upon its covenants, or for money had and received.

The bond given by a guardian on his appointment for the faithful performance of his duties, is no security for the sale and avails of real estate of his wards sold under license, nor will the *omission* to give a bond under *such* license be a breach of the conditions of his *general bond.*

The condition in a guardian's bond, that he shall render an account so often as required by the Judge of Probate, is not broken, where he has no personal estate of his wards, and had seasonably returned an inventory of their real estate, although he may have sold such real estate under a license, and been cited and neglected to render an account.

Williams *v.* Morton.

ON FACTS AGREED.

DEBT on a bond given by defendants, October 25, 1847, on the appointment of one of them as the guardian of the minor children of William Lewis, deceased, the other signed as surety.

The inventory was duly returned on the first Monday of November, 1847, but contained no personal property. It described only a small piece of real estate with two small dwellinghouses thereon, appraised at $350.

On the first Monday of November, 1847, the guardian petitioned the Probate Court for leave to accept immediately an advantageous offer he had for said real estate, and after legal notice on the petition, the prayer thereof, on the last Monday of the same November, was granted to sell, either with or without public notice, at his discretion, by acceptance of said offer; and to observe all the directions of the law in such cases.

In December of that year, the guardian made oath that he would faithfully execute, &c., but gave no bond under the said license.

The offer mentioned in the petition was made by the K. & P. R. R. Co., and on Dec. 6, 1847, said guardian accepted it and deeded said houses and lot to them for $400, which was paid.

In April, 1850, no account having been settled by the guardian, one of his wards and the creditor of another petitioned the Judge of Probate to cite him in to settle an account, give a new bond, or be removed.

He was cited, but did not appear, and was removed on June 10, 1850, and another guardian appointed in his place, who gave the required bond.

No account has at any time been settled by said Morton.

The Court is to render such judgment as the facts and the law will authorize.

*Emmons,* for defendants, maintained the following positions: —

1. The sale and conveyance by the guardian is void. R. S., c. 112, § 5; 7 Mass. 488; 5 Pick. 480; 2 Fairf. 251.

2. The title to the land is still in the minors. R. S., c. 81, § 5. The R. R. Co. could not take the houses without consent of the owners. A guardian is not the owner. He could give no consent without license duly obtained, and properly executed. The company have the right to recover back the money paid.

3. But if otherwise, neither the guardian nor his surety are liable on the bond in suit. R. S., c. 112, § 1, case 6th; 1 Met. 321. The guardian is not liable to pay this money over to the wards. 11 Mass. 192; 1 Greenl. 142.

4. The law of Feb. 1843, does not authorize a recovery on the bond in suit.

*Lancaster & Baker*, for plaintiff.

This bond is given for the faithful performance of the duties of the guardian, among which the law requires him, —

1st. To render an account as often as required by the Judge : —

2d. To pay over all moneys remaining in his hands.

He has received $400, and it is now in his hands, and he refuses to account. This is a violation of his bond. But it is said the title to the land did not pass, and could not without consent of the owner. The owners being minors, the defendant was their legal representative, and he having obtained the authority of the Judge of Probate, he *consented* in writing, and if the instrument is not valid as a *deed*, it is evidence of *consent*.

By § 7, of the same statute, the guardian of a minor whose land is taken, " may agree and settle with the corporation for all damages or claims by reason of the taking of such real estate, and may give valid releases and discharges therefor." This evidently means by force of his guardianship simply, without any authority from the Probate Court. If, therefore, all the authority the guardian had from the Court was void, he had a right to settle the damages and give discharges. This the guardian did, and his deed, although it may not convey a perfect title as a deed, is good as a settle-

ment and discharge of the damages for the taking, and as such is evidence of *consent.*

In one or the other of these modes the *consent* of the owners has been given. The company has acquired its easement, paid to the defendant the damages, and received a valid release therefor, and they cannot reclaim the money; but defendant rightfully received it, and now holds it for the wards, and ought to pay it over in this suit.

Even if the company have acquired no right at all under this deed, still they voluntarily paid this money, knowing all the facts, under a mistake of the *law*, if any thing, and therefore they cannot recover it back.

We therefore contend that the plaintiff has a right to recover in this suit, and for the $400 and interest.

TENNEY, J. — In the sale of real estate under a license from the Court authorized to grant it, "the requisites provided by statute, of bonds to account, of a previous oath, of advertisements, and of a public sale, are important to the interests of all concerned in the estate to be conveyed, as heirs at law, creditors and others."

"The rights of persons thus connected with the estate conveyed, and whose interests are affected by the authority to sell, are regarded by these provisions; and they, and any claiming under them, are not concluded by the exercise of the authority and license to sell in derogation of their rights, unless every essential requisite and direction of law has been complied with." *Knox & al.* v. *Jenks,* 7 Mass. 488.

In an attempted sale, similar to the one now under consideration, of *Williams* v. *Reed & Trustee,* 5 Pick. 480, where there was an omission to give a bond, and take the oath after the license to make the sale, the Court say, "there being no bond and no oath, the sale is void, or at least voidable, so that the parties to it are at liberty to vacate it, and consider it annulled." — The fee of the land remains in the wards, it not having passed from them by a sale authorized by the statute.

In *Moody* v. *Moody*, 2 Fairf. 247, a sale of real estate by an administrator was held void as against heirs, by reason of his neglect to give the bond required by law.

If the title of the heirs has not passed from them to the railroad company, and vested in the latter, the money has been paid without consideration, and it can be recovered back, of the guardian, upon his covenants in the deed, or in an action for money had and received by him for their benefit.

But if the guardian and the railroad company were disposed to treat the sale as valid, and the former had failed to account in any manner for the money received, as the consideration of the deed, are the defendants liable upon the bond in suit, for the omission?

Upon a guardian's appointment, he shall give bond with sufficient surety or sureties, conditioned for the faithful discharge of his trust, — To render a true and perfect inventory of the estate, &c. of his wards, — To render a just and true account of his guardianship as often as, and whenever by law required, — At the expiration of his trust to pay and deliver over all moneys, &c. on a final and just settlement of his accounts, &c. R. S., c. 110, § 15.

By the statute of Massachusetts, c. 38, § 6, vol. 1, page 136, of the statutes, guardians are required to give bond to the Judge of Probate in a reasonable sum with sufficient sureties, for the faithful discharge of the trust reposed in them, and more especially for the rendering a just and true account of their guardianship, when and so often, as they shall be thereunto required. This is substantially the same as the requirement in the R. S. referred to, excepting the last condition in the latter, which is immaterial for the present inquiry.

In the license provided for the sale of the real estate of persons under guardianship, that the avails thereof may be put out, and secured to them on interest, a bond is required of the person licensed with surety or sureties, conditioned for the observance of the rules and directions of law in the

sale of real estate by executors, &c. and to account for and make payment of the proceeds agreeably to the rules of law. Mass. Statutes of 1783, c. 32, § 5, page 121. This provision is similar to that contained in R. S. of this State, c. 112, § 5.

In *Lyman* v. *Conkey*, 1 Met. 317, the Court in Massachusetts have given a construction to the provisions of the statutes of 1783, c. 38, § 6, and of c. 32, § 5, and they say, "Whenever the object is to dispose of real estate of the ward, to raise a fund to stand in lieu of the real estate for the future use of the ward, or of any other person, who would have been entitled to the real estate, it is deemed a separate, special trust, for the due execution of which, a separate security is required, as a condition precedent to the validity of the sale; and therefore, the Court are of the opinion, that the accounting for the proceeds of the sale, made under such special license, to sell for the benefit of the ward, is not one of the general duties of guardianship for the performance of which, the sureties on the original guardianship bond are responsible."

It could not have been designed by the Legislature, that a bond given for the faithful discharge of the duties of guardian, which by his letters of guardianship he is bound to perform, should be the security for the observance of the provisions, in a sale of real estate, and the proper applicacation of the proceeds, when the sale was under the authority of a special license only, and a special bond is required, that the duties to be done under that license, as the law prescribes, shall be faithfully performed. The proceedings under the license, as required by the statute, are not strictly speaking guardianship duties; but as matter of convenience, the change of the real estate of the ward into money, is to be done by him, who had the charge of the former, and who is to see that the latter is properly secured upon interest. It is very clear, that a breach of the special bond, under a license, does not constitute a breach of the general bond of guardianship; and consequently an omission to give the special bond, violates none of the conditions in the other.

It is contended, that the deed of the guardian is valid as a release under R. S., c. 81, § 7, and that the money received of the corporation may be treated as the consideration therefor.

The land attempted to be sold, had upon it two dwelling-houses, and by § 5, of the chapter referred to, houses cannot be taken without consent of the owner. The provision in the 7th section cannot be construed to authorize a guardian to agree with the corporation, to permit it to take dwelling-houses, and to settle the damages therefor; as this authority extends only to those cases, where the corporation *shall take any real estate as aforesaid,* of any minor, &c. referring clearly to § 2, of the same chapter, which gives the power to take real estate with the restriction contained in § 5.

The railroad company, however, in this case must be understood to have intended, what these acts clearly indicate. The case finds, that the corporation made the offer to *purchase* the estate. The consideration of a *transfer* of *title* was paid, there being no fact reported showing that any thing less was intended. The license was to *sell real estate,* and the deed was appropriate for an absolute conveyance.

The real estate being still the property of the minors, in an action upon the covenants in the guardian's deed, that he had pursued the steps to make the deed effectual, a defence, that the license was granted, without proof of any other fact, could not avail.

The provisions in the statutes of 1843, c. 1, cannot be so construed as to give to the plaintiff the right to maintain the action.

It is again insisted, that as one of the conditions of the bond in suit is, to render an account as often as required by the Judge, and as he omitted to do so, on being cited for that purpose, that condition has been broken. The case does not find that the wards were possessed of any property, excepting the real estate attempted to be sold, which was duly and seasonably inventoried. No delinquency was imputable, by reason of having settled no accounts, unless it

be for the omission in reference to the avails of the real estate supposed to have been sold. The bond required by law upon the license to sell, was conditioned, that he should account for the proceeds of the sale according to law. The law required, that the proceeds of the sale should be put out at interest; and when this was done, he had fulfilled his whole duty. It not appearing that any property was in his hands for which he was bound to render an account, the omission to render such, when cited, was not a breach of the general bond of guardianship. *Hudson* v. *Martin*, 34 Maine, 339.            *Plaintiff nonsuit.*

SHEPLEY, C. J., RICE, APPLETON and CUTTING, J. J., concurred.