State to use of Maries Co. v. Johnson, et al.

STATE to use of MARIES COUNTY, Respondent, *vs.* SAMUEL JOHNSON, *et al.*, Appellants.

1. *County treasurer—Failure to pay over school funds—Liability on what bond.—* The sureties on the general bond of a county treasurer are not liable for his failure to account for, and pay over to his successor in office, county and township school funds. For the special duties imposed upon him by the school law he is answerable on a separate bond.

*Appeal from Maries Circuit Court.*

*Lay & Belch,* for Appellants.

I. Defendants were in no wise liable for any default or failure of their principal to pay over school monies. The treasurer must give a separate bond for that. (Wagn. Stat., 1251, § 42.)

*P. J. Seay,* for Respondent.

I. Section 5, p. 410, Wagn. Stat., 1870, provides that the treasurer shall give bond to the county "for the faithful performance of the duties of his office." One of his duties of his office is to receive and pay over school monies, and for failure to do this he is liable on his bond. It is true, that a separate bond is required, but suppose it is not given. He gets the school monies on the faith and credit, that the bond which he has given will secure the payment of any monies which he may fail to pay over. The apparent object of the legislature, in requiring an addition bond to be given as a security for school monies, was not to relieve the sureties who go upon the first bond, but to make the assurance greater that no loss should come to the school fund, a fund which is, and should be, regarded by the legislature and the courts as the most sacred.

II. But if the bond should be held insufficient under the statute, it was good at common law. (State vs. Thomas, 17 Mo., 503.)

III. See generally Western Boatmen's Ben. Association vs. Kribben, 48 Mo., 37.

ADAMS, Judge, delivered the opinion of the court.

This was an action on the official bond of Samuel Johnson as treasurer proper of Maries county. The action was commenced against Johnson and his sureties in Maries county, and taken by change of venue to Osage County. No service was had upon Johnson, who was a non-resident of the State.

The petition charged breaches of the bond in not accounting for, and paying over to his successor in office, county and township school funds. The answers of the defendants set up the defense that there was no default under this bond ; that they were not liable on the bond for a default in school monies. The bond was given in 1867. The evidence showed no default at all on account of monies belonging to the county. The only default known was in not accounting for school monies held by him as treasurer for school purposes, belonging to the school townships.

The case was submitted to a jury, and the defendants asked an instruction demurring to the evidence, which the court refused. The court also gave an instruction to the effect, that, if the jury find from the evidence that the treasurer was in default for school monies, it was a breach of his bond and entitled the plaintiff to recover. The jury found for the plaintiff, and a motion for a new trial was overruled, and final judgment entered on the verdict for the plaintiff.

This case is governed by the General Statutes of 1865, which however in reference to the points involved are the same as the existing statutes.

The county treasurer proper, under § 5 Genl. Stat., 1865, p. 226, was required within ten days after his election or appointment to enter into a bond to the county, in a sum not less than twenty thousand dollars to be fixed by the County Court, with such sureties resident house-holders as should be approved by the County Court, conditioned for the faithful performance of his official duties. Under this bond he could only pay out monies belonging to the county, and only on warrants drawn

by order of the County Court.   (See § 7, Genl. Stat., 1865, p. 227.)

The school law provides, that the county treasurer in each county shall be the treasurer of all funds for school purposes belonging to the different townships, arising from whatever source ; and on his election, before entering upon his duties, he shall give a separate bond with sufficient security in double the probable amount of school monies that shall come to his hands, payable to the State of Missouri, conditioned for the faithful disbursement according to law of all such funds, and on the forfeiture of the bond it shall be the duty of the county clerk to collect the same for the use of the schools in the various townships.   It is also provided that, if the clerk fails to prosecute, then any freeholder may cause such prosecution to be instituted on the bond. (§ 31, p. 265, Gen. Stat. 1865.) It is also provided, that the county treasurer shall settle with the county clerk for the school funds in his hands.  (§§ 32–33.)

These provisions of the statute, and others in the school law, conclusively show that the office of treasurer of the school funds is a distinct office from that of general county treasurer.   Although the same officer must perform the duties of both offices, he is required to give separate bonds.   The duties in each case are entirely distinct.   The sureties on the general bond are only held for his duties as county treasurer proper, and not for the special duties imposed on him by the school law, for which a separate and distinct bond is required.

In my judgment the defendants' demurrer to the evidence should have been sustained, and the plaintiff's instruction refused.   As there seems to be no pretense that there was any breach of the bond sued on, there will be no necessity for remanding the cause.

Judgment reversed.   The other judges concur.