MADISON COUNTY v. JOHNSTON ET AL.

1. **Guardian and Ward**: GUARDIAN'S BOND: SALE OF REAL ESTATE. The surety upon the bond which a guardian was required, under the Revision, to give when he entered upon the discharge of his duties was not liable for the loss or misappropriation of any money coming into the guardian's possession from the sale of his ward's lands, a special bond being required for the faithful performance of his duty in that respect.

*Appeal from Madison Circuit Court.*

SATURDAY, APRIL 26.

ACTION at law upon a guardian's bond. A judgment upon default was entered against the principal, the guardian. Upon an amended petition, charging that the surety had transferred his property without consideration, and praying that it be held subject to the payment of plaintiff's claim, the cause was transferred to the chancery docket. A trial upon the merits was had, and the petition as to the surety was dismissed.

*McCaughan & Dabney*, for appellant.

*Gilpin & Gilpin*, for appellee.

BECK, CH. J.—I. The money in the hands of the guardian, for which the surety is sought to be charged in this action, is the proceeds of real estate sold by the guardian upon proper proceedings and orders, as prescribed by the statute, had in the proper court. After the order for the sale, and before the lands were disposed of thereunder, the guardian executed, with a surety, a special bond, as prescribed by statute, that he should faithfully apply and account for the money realized from the sale of the property. The bond in suit was executed upon the appointment of the guardian.

The sole question in the case which we find it necessary

to determine is this: Is the surety upon the first bond executed by the guardian liable for the money received by the guardian upon the sale of the ward's lands?

We must first direct our attention to the statute applicable to this case. The bond in suit was executed in 1863. The Revision of 1860 must, therefore, be consulted. Section 2548 is as follows:

"Guardians appointed to take charge of the property of a minor must give bond, with surety to be approved by the court, in a penalty double the value of the personal estate, and of the rents and profits of the real estate of the minor, conditioned upon the faithful discharge of their duties as such guardians according to law. They must also take an oath of the same tenor as the condition of the bond."

It is provided that lands of a minor might be sold by the guardian upon an order of the proper court, made in proceedings instituted for the purpose of bestowing authority therefor upon him. Sections 2552–2555.

Section 2556 provides as follows:

"Before any such sale or mortgage can be executed the guardian must give security to the satisfaction of the court, the penalty of which shall be at least double the value of the property to be sold or the money raised by the mortgage, conditioned that he will faithfully perform his duty in that respect, and account for and apply all moneys received by him under the direction of the court."

It will be observed that the bond given upon the qualification of the guardian is conditioned for the faithful discharge of his duty according to law, and the penalty is in the value of the personal estate and the rents and profits of the real estate of the minor. It is reasonable to suppose that the bond holds the surety responsible for the failure of the guardian to perform duties contemplated when the instrument was executed. The failure to discharge duties not contemplated by the law and by the parties cannot be the ground

of recovery against the surety.   This proposition, we think, cannot be doubted.

It is plain to our minds that the proper disposition of the moneys to be afterward received by the guardian upon the sale of real estate of the ward was not a duty contemplated by the statute requiring the execution of the bond, and could not, therefore, have been in the contemplation of the parties when the bond was executed.   We base this conclusion upon the following grounds:

1.   The bond, by the express language of the statute (section 2548), does not include in its penalty a sum to cover the money to be realized upon the sale of the minor's lands. Surely, if the statute intended that the surety should be held liable for money so acquired, provision would have been made for covering it by the penalty of the bond.

2.   The guardian, when the bond was executed, was not charged with selling his ward's lands and holding money realized therefrom.   Such duty arose upon the order of the proper court, made in proceedings afterward instituted.   Sections 2552–2554.   The guardian might or might not be charged with such duty, depending upon the property, circumstances and interest of the ward, as determined by the court.   It was not a contingent duty, even, when the bond was executed, for it could only occur upon the adjudication of the court.

3.   When the guardian became charged with the duty of accounting for money realized by the sale of the ward's lands, he was required by the statute to enter into another bond, with a surety, conditioned for the faithful performance of such duty.   The law would not surely require a bond to secure faithful performance of duty which was before secured.   It cannot be claimed that the second bond is required to supply probable deficiency of security in the first.   If the bond first given was regarded by the law, when it was executed, as sufficient to secure the faithful accounting for moneys realized upon the sale of lands, it continued to be sufficient.

The foregoing views are, we think, sustained by the following authorities: *Lyman v. Conkey,* 1 Met., 317; *Williams v. Morton,* 38 Me., 47; *Henderson v. Coover et al.,* 4 Nevada, 429; *Warwick v. State ex rel.,* 5 Ind. 350; *The State ex rel. v. Steel,* 21 Ind., 207; *Potter v. State ex rel.,* 23 Ind., 607; *Colburn v. State ex rel.,* 47 Ind., 321; *In re Andrews' Heirs,* 3 Humph., 592.

II. The plaintiff insists that the surety is bound by the conditions of the bond in suit for the payment by the guardian of the money received for the land of the ward. The bond is conditioned that the guardian "shall faithfully discharge the office and trust of guardian, according to law, and shall render a full and just account of said guardianship from time to time, whenever thereunto required by law, and render and pay to said minor all moneys, goods and chattels, title papers and effects which may come to the hands or possession of such guardian, belonging to such minor, when such minor shall be entitled thereto, or to any subsequent guardian should such court so direct."

It will be understood that, while this bond specifies some duties to be performed by the guardian, it does not mention all, neither does it specify duties of the guardian not prescribed by the law. Each of the duties enumerated is included in those prescribed by the general language of the statute, namely, the faithful performance of the duties of guardian according to law. It may be that, if the bond contained conditions not covered by those prescribed by the statute, the defendant would be liable thereon, but as it does not, the instrument cannot be extended to matters not within the contemplation of the law.

We reach the conclusion that the defendant is not liable upon the bond in suit.

Other questions raised by counsel need not be considered, in view of the conclusions we reach.

AFFIRMED.