### Bunce v. Bunce et al.

1. **Guardian and Ward:** ACTION ON BOND: PROCEEDS OF REAL ESTATE.
The sureties in an ordinary guardian's bond, required by section 2246 of
the Code, are not liable for the wrongs of the guardian in selling his
ward's real estate and in squandering the proceeds thereof. Section
2261 of the Code provides a special bond to secure the ward against such
wrongs. *Madison Co. v. Johnston*, 51 Iowa, 152, followed, and *Bunce
v. Bunce*, 59 Iowa, 533, explained.

*Appeal from Cerro Gordo District Court.*

### FRIDAY, OCTOBER 24.

THIS is an action upon a guardian's bond. There was a
demurrer to the petition, which was sustained, and plaintiff
appeals. The facts appear in the opinion.

*Blythe & Markley* and *Brown & Carney*, for appellant.

*Richard Wilber*, for appellees.

ROTHROCK, CH. J.—It is averred in the petition, in sub-
stance, that George L. Bunce was appointed guardian of
defendant on the fifth day of January, 1871, and that on the
same day he filed a guardian's bond in the penal sum of
$3,000, with the defendants, James G. Beebe and George
Vermilya, as sureties, and that he immediately made appli-
cation to sell certain real estate, the property of plaintiff, and
that an order of sale was made in pursuance of said applica-
tion; that said real estate was sold by said guardian for the
sum of $1,675, and that the same was conveyed to the pur-
chasers by said guardian, and the sales were approved and
confirmed by the court; that said guardian is plaintiff's
father, and that the application to sell the real estate of the
plaintiff was wrongful, and that false grounds were alleged
therein in order to procure the order of sale; that said sale was
not necessary to pay the charges and expenses of education of
the plaintiff; that plaintiff's father was then abundantly able to

support plaintiff and educate him; that said guardian wrong-
fully neglected to file any sale-bond before said sale was
made, and procured said order of sale in bad faith, and that
he sold more of said real estate than was necessary for any
wants of the plaintiff, and that he wrongfully failed to comply
with the direct order of the court, requiring him to loan the pro-
ceeds of the sale, but wholly disregarded said order, and con-
verted the money received for said real estate to his own use;
that on the nineteenth day of January, 1883, the court
ordered said guardian to forthwith pay over all of said money
in his hands, and that he refuses to make such payment,
pleading his inability to do so; that said guardian has wasted
and squandered the entire proceeds of the sale of said real
estate; and judgment is demanded upon said bond for the
sum of $3,000, the amount of the penalty thereof.

A copy of the bond is exhibited with the petition, and the
condition of the bond is as follows: "The condition of the
above obligation is such that if the above-named George L.
Bunce, who has been appointed guardian of the said Simon
G. Bunce, shall faithfully discharge his trust as such guard-
ian according to law, and shall render a fair and just account
of said guardianship from time to time, whenever thereunto
required by law, and render and pay to said minor all
moneys, goods, chattels, title-papers, and effects which may
come to the hands or possession of such guardian belonging
to such minor, when he shall be entitled thereto, or any sub-
sequent guardian, should such court so direct, then this obli-
gation to be void, or otherwise to remain in full force and
virtue." The demurrer was upon the following grounds:
"(1) The petition on its face shows that the action is brought
to recover the proceeds of land sold by said guardian, and
for failure to pay over the same, and defendant is not liable
therefor on the bond in suit, and that the same was not given
to secure the proceeds of land sold or the payment thereof.
(2) Said defendant demurs to that part of plaintiff's petition
claiming for the proceeds of land sold by said guardian, for

the defendant is not legally liable therefor on the bond set out in the petition. (3) Defendant demurs to that part of the petition which alleges that the guardian wrongfully procured the order of court for the sale of the said land, and that said sale was not necessary, nor for the interest of the plaintiff, for the reason that it appears from the petition that the said matters were adjudicated by the circuit court when said order of sale was granted, and plaintiff is estopped from a new trial of said matters."

This demurrer was filed by the defendant, George Vermilya, one of the sureties in the guardian's bond, and it will be remembered that in determining the case we are dealing with the rights of the plaintiff as against the surety in the bond. It is charged in the petition that the guradian wrongfully neglected to file any sale-bond before said sale. This leads us to inquire whether the surety in the bond which was given is liable for the proceeds of the sales of real estate. In the case of *Madison Co. v. Johnston*, 51 Iowa, 152, it was sought to recover from a surety on a guardian's bond the proceeds of the sale of certain real estate. The conditions of the bond in that case were in nearly the same words as the condition of the bond in the case at bar. It was held that the surety was not liable, because, when the bond was given, it was not contemplated that the guardian would become the custodian of money arising from the sale of real estate, and because the law requires a special bond for the faithful performance of the duty of guardians in respect to the sale of the real estate of the ward. This bond was required by section 2556 of the Revision of 1860, and section 2261 of the Code contains the same requirement. That case is decisive of this. It is true that in the case cited a sale-bond was given, but that fact in no manner affects the principle involved in the case. It is said in the opinion that "it is reasonable to suppose that the bond holds the surety responsible for the failure of the guardian to perform duties contemplated when the instrument was executed. The failure to

discharge duties not contemplated by the law and by the parties cannot be the ground of recovery against the surety." It would be a most harsh and unjust rule to require the surety in the bond required in section 2246 to answer for the wrongs of the guardian in squandering the proceeds of the sale of the real estate, when by section 2261 provision is made for a special bond for the purpose of securing the ward in that respect. The surety in the first bond cannot be held to have contemplated any such liability, and, under the law, we think he makes no such contract and enters into no such undertaking. The general bond is given with reference to the personal property, and the sale-bond with reference to the proceeds of the sale of real estate.

The allegations of the petition to the effect that the order of sale was wrongfully obtained, and that the proceeds of the sale were wrongfully and fraudulently converted, would, no doubt, be proper as against the sureties in a sale-bond, but they cannot affect the liability of sureties on the general bond, because such derelictions of duty are not within their undertaking. Some claim is made by counsel to the effect that a right of action was recognized by this court in favor of plaintiff in the case of *Bunce v. Bunce*, 59 Iowa, 533. That was a controversy about the same subject-matter. That was an action to set aside the guardian's deed because there was no sufficient service of notice on plaintiff, and because the petition for the sale was insufficient, and because no sale-bond was given, and because there was no approval of the deed. In that case, in the course of the discussion, showing the distinction between a probate order and a judgment, it is said that if, in procuring the order of sale, the guardian "is guilty of bad faith or negligence, and thereby involves his ward in loss, he and his bondsmen are liable therefor." Of course, the bondsmen referred to are those who are legally liable for the proceeds of the sale of real estate. We need not pursue this branch of the case further. It is enough to say, in conclusion, that we did not intend in that case to

question the soundness of the opinion in the case of *Madison Co. v. Johnston*, *supra*. We think the demurrer to the petition was properly sustained.

AFFIRMED.