THE STATE OF MISSOURI to the use of JAMES K. MARTIN, Respondent, v. JOHN W. HARBRIDGE AND JOHN T. MARTIN, Appellants.

St. Louis Court of Appeals, December 23, 1890.

Guardians: LIABILITY OF SURETIES ON BOND. The statutes of this state require guardians and curators, upon their appointment, to give bond in the court appointing them (the probate court) "in double the value of the estate or interest to be committed to their care." These statutes further authorize a guardian to sell the real estate of his ward on procuring an appropriate order of the circuit court therefor, and entering into bond to conduct the

The State to use of Martin v. Harbridge.

sale with fidelity to the interests of his ward, and faithfully account for the proceeds. *Held* that the sureties on the general bond of the guardian were not accountable for the proceeds of the realty thus sold, and that this was so, notwithstanding that the guardian charged' himself with these proceeds in his general accounts in the probate court.

*Appeal from 'the Scotland Circuit Court.* —Hon. Ben E. Turner, Judge.

Reversed and remanded.

*E. Scofield* and *Smoot & Pettingill*, for appellants.

Appellants as securities on curator's bond, given in the county court by James S. Kerans, could not be liable for the proceeds of the sale of land made by order of the circuit court, as a special bond was .required and given. *Commonwealth v. Pray*, 17 Atl. Rep. 450 ;· *Williams v. Morton*, 38 Me. 47 ; *Lyman v. Conkey*, 1 Metc. 317 ; *Hudson v. Martin*, 34 Me. 339 ; *Board of Supervisors v. Ehlers*, 45 Wis. 293 ; *Bunce v. Bunce*, 21 N. W. Rep. 205 ; *Morris v. Cooper*, 10 Pac. Rep. 588 ; *State ex rel. v. Johnson*, 55 Mo. 80 ; 1 Wag. Stat. p. 677, sec. 35. The fact that the curator charged himself in his settlement does not estop appellants or necessarily bind them, and, at most, could only be *prima facie* evidence of liability. *State ex rel. v. Martin*, 18 Mo. App. 468.

*Geo. T. Collins* and *McKee & Jayne*, for respondent.

(1) The bond given by the curator in the circuit court is intended as an additional bond or security for the safe keeping and proper disbursement of the money. *State ex rel. v. Colman*, 73 Mo. 684. (2) If bond given by the curator in circuit court is an additional bond, then relator could sue on it, or the one given in the probate court at his election. *State to use v. Berning*, 6 Mo. App. 105, 110 ; *State to use v. Drury*, 36 Mo. 281, 284 ; *State to use v. Field*, 53 Mo. 474 ; *Haskell v. Farrar*, 56 Mo. 497.

THOMPSON, J.—This was an action on the general bond of a guardian. The defense was that the moneys, in respect of which the breach of the bond is assigned, came into the hands of the guardian, not in virtue of his general trust, but under a special trust arising out of the fact that, in pursuance of a petition presented to the circuit court, an order was made by that court for the guardian to sell certain real estate of the ward; that, to secure the faithful performance of this special trust, a separate bond was given under the provisions of the following statute: "To obtain such order, the guardian or curator shall present to the court a petition setting forth the condition of the estate and the facts and circumstances on which the petition is founded. If, after a full examination, on the oath of credible and disinterested witnesses, it appears to the court that it would be for the benefit of the ward that the real estate, or any part of it, should be sold or leased, the court may make an appropriate order for such sale or lease, under such regulations and conditions, subject to the provisions of this chapter in relation to the sale of the real estate of minors, as the court shall consider suited to the case, first requiring the guardian or curator to enter into good and sufficient bonds to make such leases and conduct such sales with fidelity to the interests of his ward, and faithfully to account for the proceeds of such sales and leases according to law, and as the order of the court may require." 1 Wag. Stat., p. 677, sec. 35.

The court, sitting as a jury, disallowed this defense and gave judgment for the plaintiff, and the defendants appeal. We are of opinion that in this ruling the court erred. We take it to be a general rule in respect of the liability of sureties, that, where the officer or trustee is required to perform a duty which is special in its nature, and he is required to give a special bond for the faithful performance of such duty, in the absence of any statutory declaration that his general bondsmen

shall be liable, no liability will attach to them in respect of the performance of the special duty. *Governor v. Barr*, 1 Dev. (Law) 65; *Governor v. Matlock*, 1 Dev. 214; *Waters v. State*, 1 Gill, 302; *Commonwealth v. Toms*, 45 Pa. St. 408; *Commonwealth v. Pray*, 17 Atl. Rep. (Pa.) 450; *State v. Young*, 23 Minn. 551; *Henderson v. Coover*, 4 Nev. 429; *Lyman v. Conkey*, 1 Metc. (Mass.) 317; *Mattoon v. Cowing*, 13 Gray, 387; *Williams v. Morton*, 38 Me. 52; s. c., 61 Am. Dec. 229; *State v. Johnson*, 55 Mo. 80; *Morris v. Cooper*, 35 Kan. 156; s. c., 10 Pac. Rep. 588; *Madison County v. Johnston*, 51 Iowa, 152; *Bunce v. Bunce*, 65 Iowa, 106; s. c., 21 N. W. Rep. 205; *Warwick v. State*, 5 Ind. 350.

Several of these cases are precisely in point on the question before us. They hold that a guardian, under a statutory system such as ours, ordinarily takes charge only of the personalty and the rents of the real estate of his ward, and hence if, under a special license obtained from a court having a statutory power to grant such a license, he sells the real estate of his ward for reinvestment or otherwise, and by such statute a special bond is required of the guardian for the performance of this special trust, the sureties in his general bond will not be liable for the loss of moneys accruing from such sale, but the ward is remitted to his remedy on the special bond. *Lyman v. Conkey*, 1 Metc. (Mass.) 317; *Mattoon v. Cowing*, 13 Gray, 387; *Williams v. Morton*, 38 Me. 52; s. c., 61 Am. Dec. 229; *Henderson v. Coover*, 4 Nev. 429; *Morris v. Cooper*, 35 Kan. 156; s. c., 10 Pac. Rep. 588; *Madison County v. Johnston*, 51 Iowa, 152; *Bunce v. Bunce*, 65 Iowa, 106; s. c., 21 N. W. Rep. 205; *Warwick v. State*, 5 Ind. 350. In *Lyman v. Conkey, supra*, the reason for the rule was stated by Chief Justice SHAW in the following language: "Whenever the object is to dispose of the real estate of the ward, to raise a fund to stand in lieu of real estate, for the future use of the ward, or of any other person who may have been entitled to the real estate, it is deemed a

separate special trust, for the due execution of which a. separate security is required, as a condition precedent to the validity of the sale; and, therefore, the court is of opinion, that the accounting for the proceeds of a sale, made under such special license to sell for the benefit of the ward, is not one of the general duties of guardianship, for the performance of which the sureties on the original guardianship bond are responsible." The reason given by the supreme court of Iowa is thus stated: "It is reasonable to suppose that the bond holds the surety responsible for the failure of the guardian to perform the duties contemplated when the instrument was executed. The failure to discharge duties not contemplated by the law, and by the parties, cannot be ground of recovery against a surety." *Madison County v. Johnston*, 51 Iowa, 152; *Bunce v. Bunce*, 65 Iowa, 106; s. c., 21 N. W. Rep. 205. We could not add anything to these reasons. When it is remembered that the liability of sureties is *strictissimi juris*, they seem conclusive.

We have met with one case only, which takes the opposing view that the general bondsmen are liable. That is the case of *Wann v. People*, 57 Ill. 206. In that case it is held that the general sureties of a guardian are liable for the *rents of the lands* of the ward which have been *leased*, notwithstanding there is a statute requiring a special bond for the application of such funds,—distinguishing the Massachusetts case above cited on the ground, that the Illinois statute requires the guardian's bond to be in double the amount of both the real and personal property of the ward, "thus showing the intention of the legislature to require security for all acts to be done by him in reference to either class of property, and recognizing the fact that he would have to deal with both classes." Our statute does not contain such a provision. It requires, in general terms, that the general bond of guardians and curators shall be, "in double the value of the estate or interest to be committed

to their care." R. S. 1889, sec. 5299 ; R. S. 1879, sec. 2580; 1 Wag. Stat., p. 675, sec. 22. But our statutes, like those of Massachusetts, Maine, Nevada, Kansas and Indiana, merely commit to the guardian the care of the ward's personal estate and the rents of his land ; but the sale of his real estate is regarded as a special trust, the faithful performance of which is secured by a special bond.

There is no direct decision on the question before us in this state ; but there is an analogous decision in the case of *State to use v. Johnson*, 55 Mo. 80. There it was held that the sureties in the general bond of a county treasurer are not liable for his failure to account for, and pay over to his successor, state and county *school funds*, for the reason that he is answerable for those funds under the special bond required to be given by the statute.

It is true that in the case of *State ex rel. v. Colman*, 73 Mo. 685, there is a *dictum* by Mr. Justice HOUGH, referring to the statute which requires a special bond to be given by a guardian when he sells the real estate of the minor,—that the object of the statute "was to provide *additional security* for the safe keeping and disbursement of such personal property as should come into the hands of the curator through the action of the circuit court, as well as for the fidelity of such curator in the execution of the orders of said court." But the question there was, whether the special sureties of the curator would remain liable for funds arising from the sale of the ward's land after the curator had charged himself with the funds in a settlement in the probate court, and the court held that they would remain so liable. If it was intended by the above observation to intimate that the general sureties of the guardian would also be liable for such funds in consequence of the act of the guardian in taking them upon his general account in the probate court, it is to be observed that it was an observation upon a question not before the

court for decision.   The holding that the special sureties remain liable under such circumstances strengthens the conclusion that the general sureties are not so liable.

It remains to consider whether the mere fact, that the guardian took up the proceeds of the sale of the ward's real estate on his general accounts as guardian, and charged himself with the same in his settlement in the probate court, can have the effect of making his general sureties liable for them.   If, as we hold, they are not liable under the law, and the term of their bond, we know of no principle on which they can be rendered liable by any act done by the guardian with which they are not in privity.   The obligation of such sureties, being *strictissimi juris*, cannot be enlarged by the voluntary action of their principal in respect of a fund for which their bond does not make them liable.   In the leading case in Massachusetts the decision went further on this point than we are called upon to go in this case.   There the surety in the general bond of the guardian sought to be charged had subsequently become the judge of probate, and, in his official character as such, had approved a settlement of the guardian, (his principal in the bond) in which the guardian had charged himself with the proceeds of the sale of his ward's real estate ; but it was held that this worked no estoppel against the surety, and did not operate to render him liable.

In this case it is said that a portion of the fund, which the guardian has failed to pay over, did not arise from the sale of the real estate of the ward.   In the view which the learned judge took of the law of the case, this became an immaterial inquiry.   But it will become material, should there be another trial ; and for such portion as did not arise from the sale of the real estate the sureties in the general bond will of course be liable.

The judgment will be reversed and the cause remanded.   All the judges concur.