AMERICAN INDEMNITY CO. v. NOBLE.
(No. 488.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 13, 1919. Rehearing Denied Dec. 17, 1919.)

1. GUARDIAN AND WARD ⬠⟞15 — CONSTRUCTION OF BOND WITH REFERENCE TO EXISTING LAW.

A guardian's bond is to be construed with reference to the law in force when and where it was given, and read in the light of the provisions of the law then in force; the obligation of the sureties being measured and determined by it.

2. GUARDIAN AND WARD ⬠⟞15 — BOND REQUIRED OF SUCCESSOR OF GUARDIAN IN "PENDING" PROCEEDINGS.

Where a guardian for the estate of a minor was appointed in 1901, and qualified by giving bond in double the estimated value of her ward's property, after her removal in 1913 the case was "pending" within Vernon's Sayles' Ann. Civ. St. 1914, art. 4177, providing that in cases pending when the law became effective, and in which the guardian had a satisfactory bond filed equal to twice the amount of all personal property of the ward, and twice the amount of real estate sold, he would not be required to file a new bond, and the guardian succeeding her and coming into possession of the ward's property was required to give bond only identical with that given by the original guardian.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pending.]

Appeal from District Court, Shelby County; Daniel Walker, Judge.

Suit by J. Bennett Noble against the American Indemnity Company and others. From judgment for plaintiff against certain defendants, the named defendant appeals. Affirmed.

Davis & Davis, of Center, and Terry, Cavin & Mills, of Galveston, for appellant.

Sanders & Sanders, of Center, for appellee.

BROOKE, J. This suit originated in the district court of Shelby county, Tex., by petition filed therein on January 28, 1918, by J. Bennett Noble, as plaintiff, against J. S. McLamore, Jr., General Bonding & Casualty Insurance Company, American Indemnity Company, Louis A. Adoue, George Sealy, and Lion Bonding & Surety Company, all designated as defendants, said petition alleging the appointment of McLamore as plaintiff's guardian on a former date with General Bonding & Casualty Insurance Company as surety on such bond as such guardian, of his reappointment at a later date with appellant as surety on his second bond. Said petition further alleged the receipt on the part of said McLamore as guardian of two several sums of money, one being the proceeds of a judgment rendered against Mrs. Fannie Noble, plaintiff's mother, and former guardian, and her surety, Fidelity & Deposit Company of Maryland, in the sum of $2,953.85, the other being in the sum of $600 arising from the sale of a tract of land in Shelby county by said McLamore as guardian, in which said ward had one-half interest. Misappropriation and failure to account for each and both of such sums of money was alleged and judgment therefor asked against the defendants McLamore as guardian, General Bonding & Casualty Insurance Company, and American Indemnity Company, Adoue and Sealy as sureties on his two bonds, and against Lion Bonding & Surety Company as a reinsurer of General Bonding & Casualty Company. He also asked for interest on said sums of money, as provided by statute.

McLamore, guardian, though duly cited, made no appearance in the case.

Appellant, American Indemnity Company, answered denying liability on said bond as to the proceeds of said sale of land, assigning as reason therefor, among other things, that said purported sale of the said land was illegal under the law, as amended by act of 1913, in that no sale bond was required or given in said proceeding. It denied liability for any part of the $2,953.85 item, alleging that if the same, or any portion thereof, had been received and misapplied by said McLamore, it was prior to the execution and filing of the bond on which applicant was surety. Appellant asked for judgment over against McLamore, its principal, and its codefendant, General Bonding & Casualty Insurance Company, for any sum for which judgment might be rendered against it.

Defendant General Bonding & Casualty Insurance Company answered denying liability on the ground that, while it was at one time surety on McLamore's bond, it had been released and relieved thereon from liability by the acceptance of the bond on which American Indemnity Company was surety; that no misappropriation occurred during the tenure of its bond. It also impleaded the Lion Bonding & Surety Company on a contract of reinsurance, asking for judgment over against

it, and also over against its principal, McLamore.

Defendants Adoue and Sealy answered that they were not sureties on said bond, but that they executed same as officers of the corporation and not individually, and adopting, if answer was required, that of the American Indemnity Company.

Lion Bonding & Surety Company filed its plea of privilege to be sued in the county of its domicile, which does not seem to have been acted on, and also denying liability on the ground that, if any misappropriation occured, it was either before or after the term of its reinsurance contract.

Trial was before the court without a jury. and resulted in a judgment in favor of Adoue and Sealy and Lion Bonding & Surety Company and against General Bonding & Casualty Company for $2,073.89, and against American Indemnity Company for $663.

Upon motion therefor, the court duly filed its findings of fact and conclusions of law, whereupon appellant, having previously given notice of appeal, filed its appeal bond, and has perfected its appeal to this court.

The various parties and defenses thereof, together with the cross-action thereon, are substantially correct, as stated above.

[1] As presented to the court, this case really hinges on one proposition. A guardian's bond is to be construed with reference to the law in force when and where it was given, and read in the light of the provisions of the law then in force. The obligation of the sureties will be measured and determined by it. Prior to the passing of chapter 151, General Laws of the regular session of the Thirty-Third Legislature, the guardian of the estate of a ward was required to give bond in an amount equal to double the estimated value of the property belonging to such estate (McAdams v. Wilson, 164 S. W. 59), and acting under such bond, and without additional bond, the guardian has the right to sell property belonging to the said ward and take into his charge the proceeds of said sale. By the act of 1913 (Vernon's Sayles' Civil Statutes 1914, art. 4099), the existing law was so changed as to require the guardian's bond to be in an amount equal to double the estimated value of the personal property belonging to the estate of said ward, plus a reasonable amount to be fixed at the discretion of the county judge, to cover rents, revenues, and income derived from the renting or use of real estate belonging to said estate. The condition of the bond under the amendment is identical with the condition provided for under the act, and it is clearly apparent that the form of the bond would be the same, whether executed prior or subsequent to the act of 1913. The law was further changed by the act of 1913, in that an order for the sale of real estate should require the guardian to file a good and sufficient bond in an amount equal to twice the amount for which

such real estate is sold, and required the court, in confirming this sale, to be satisfied that the guardian had filed his bond as required. On August 12, 1901, Fannie Noble, mother of appellee, was by the probate court of Shelby county appointed guardian of the estate of appellee, and qualified, giving bond with the Fidelity Deposit Company of Maryland as surety, and she continued as guardian of the estate of this ward until July 8, 1913, when, in a proceeding brought by appellee, acting through a next friend, she was removed as his guardian, and one McLamore was appointed with directions to collect from Fannie Noble and the surety on her bond a sum of money owing to the minor and in the hands of the guardian. McLamore qualified as guardian, having on August 23, 1913, filed his application to be allowed to return an inventory and appraisement and make bond and qualify as such guardian. McLamore filed his bond in the sum of $10,000, as guardian of the estate of the minor appellee in legal form with General Bonding & Casualty Insurance Company as surety.

All proceedings seem to be regular, and after which McLamore took possession of the estate of the minor, collected the judgment against the former guardian and her surety, and afterwards on June 8, 1914, filed an additional application in the probate court of Shelby county, wherein he recited that some question had been raised as to the legality of his former appointment, and asking again for the appointment as guardian of the estate of the minor. In regular order he was appointed as prayed in his application, his bond was fixed at $10,000, his former bondsmen released, and he made a new bond with appellant as the surety on his bond, which bond was duly approved, and he continued in possession of the property of the estate as guardian. Among the property of the minor coming into the hands of McLamore as guardian was a half interest in a tract of 156 acres in Shelby county, and on October 6, 1914, after application had been regularly made and notice given, the probate court entered an order permitting McLamore to sell this tract of land. In regular order the land was sold for the sum of $600, and this sum of money was paid to the guardian. The sale was confirmed and title passed to the purchaser, under a deed from the guardian, with regular orders from the court. The guardian misapplied the $600 coming into his hands from the sale of this land, and this suit was brought to recover from him and appellant, as surety on his bond, said sum of money, with interest, and recovery was had in the district court of Shelby county, and from which this appeal is perfected.

Under the act of 1913 (Vernon's Sayles' Civil Statutes 1914, art. 4177), it is provided that in cases pending at the time this law becomes effective, and in which the guardian has a satisfactory bond filed equal to twice

the amount of all personal property of the ward and twice the amount of real estate sold, he would not be required to file a new bond. This exception has application to those provisions of the act requiring the guardian to file a sufficient bond in an amount equal to twice the amount of the real estate sold when he makes a sale of the real estate of the ward. The probate court of Shelby county, in granting the application of the guardian to sell the property, and in ordering the sale, made this recital in its order:

"And it further appearing to the court that this guardianship proceeding was pending in this court previous to the amendment of the probate law by the act of the Legislature in 1913, and that the said J. S. McLamore, Jr., guardian of the estate of said J. Bennett Noble, has a satisfactory bond filed herein equal to twice the amount of all personal property of said ward and twice the amount of real estate sold, it is therefore ordered," etc.

[2] From the above order and statement, the question of whether this case is a case "pending," within the meaning of the act of 1913, becomes material, and is, in our opinion, of controlling importance.

When, in 1901, the probate court of Shelby county appointed Mrs. Fannie Noble guardian of the estate of the minor, and she qualified by giving the required bond, it was undoubtedly at that time a case pending, in which the guardian had a satisfactory bond filed. There could be no reasonable contention that this pending case did not remain pending until the removal of Mrs. Fannie Noble as guardian in 1913. It is our opinion, based upon unquestionable ground, that the removal of the guardian did not put an end to the pending case, but was an act done in the pending case, in strict line with the legal duties of the court, and subsequent appointment by the court of McLamore as guardian was in the same pending case, and in line with the duties resting upon the court, and at no time was the pending case ended or interrupted. It is true that the act of the court in removing Mrs. Noble terminated her connection with the estate of the minor; but under the law of this state the estate of the minor was still within the jurisdiction of the probate court of Shelby county, and it was incumbent upon that court to give to that estate all proper protection. The removal of the guardian absolutely terminates the guardianship, but it does not, in our judgment, terminate the pending case or remove in any respect the power of the court to deal with the estate of the minor, afford it protection, con-

serve it, and, if need be, appoint a new guardian or custodian for it, and this would all be done in the same proceeding, and as a result of the jurisdiction acquired by the court over the estate when the pending case was first filed. When the court took jurisdiction by reason of a proper application for the appointment of a guardian of the estate of the minor, it became a pending case in that court, and, when the guardian was appointed and filed a satisfactory bond and has on file a satisfactory bond equal to twice the amount of all personal property of the ward and twice the amount of the real estate sold, it then becomes a pending case, within the exception specified in the act of 1913. The pending case is not ended until ended in some of the ways provided by law for closing up the estate of the ward. The death, resignation, or removal of one or more guardians would not put an end to the pending case, but rather it would be the duty of the probate court, in the face of changes in the proceedings, to still protect and preserve the estate of the ward, retaining at all times full jurisdiction for that purpose.

When Mrs. Noble was appointed guardian of the minor appellee, she gave a bond in double the amount of the estimated value of the property of the ward, and under that bond she took possession of all of the property of the ward, and, in our judgment, all succeeding bonds of any guardian that might succeed her and that would have come into possession of the property of the ward, should give a bond identical with the one given by the original guardian, and would have just such power under the bond as the original guardian would have had in the event she had continued as guardian under the original appointment and qualification until the estate had been completely wound up.

Our holding in this case renders it unnecessary and, in our judgment, improper, for us to consider or discuss the very interesting question raised in the briefs as to whether or not there would be liability on the general bond of the guardian where no bond for the sale of real property had been given under the act of 1913. That question would be one undecided in this state, and not being necessary to a decision of this case, and the decisions of other states being apparently in conflict, we withhold comment thereon, because it is our opinion that the present case falls within the exception mentioned in the act of 1913, and the judgment of the trial court appearing to be just and right, the same is in all things affirmed.