**AMERICAN INDEMNITY CO. v. NOBLE.\***
(No. 252-3456.)

(Commission of Appeals of Texas, Section A.
Dec. 14, 1921.)

1. **Guardian and ward** ⬦⬦15—**Amendatory act as to bonds held applicable where bond thereafter filed, though proceeding previously commenced.**

Acts 33d Leg. (1913) c. 151, amending Rev. St. 1911, arts. 4099, 4162, 4177,[1] to provide that a guardian need give bond only in an amount equal to double the estimated value of the personal property, plus a reasonable amount to cover rents and income from real estate, and that in case of a sale of real estate a special bond shall be required in an amount equal to twice the selling price, applies to a guardian qualifying subsequent to its taking effect, though the guardianship proceedings were commenced previous to its taking effect, notwithstanding the provision as to pending cases.

2. **Guardian and ward** ⬦⬦174—**Sureties on general bond not liable for proceeds of sale of real estate.**

Under Acts 33d Leg. (1913) c. 151, amending Rev. St. 1911, arts. 4099, 4162, 4177,[1] relative to guardian's bonds, a surety on a guardian's general bond, not given for the special purpose of protecting the estate on a sale of real estate, was not liable for the guardian's failure to account for the proceeds of a sale of real estate sold by him without giving a special bond.

3. **Statutes** ⬦⬦226—**Construction in state from which taken presumed to have been adopted.**

Acts 33d Leg. (1913) c. 151, relative to guardian's bonds, having been substituted for the previously existing law with its settled construction, and being in language and terms substantially like that of several of the other states in which it had been construed, the presumption must prevail that the Legislature intended to adopt with it a settled construction given it, prior to its adoption, by the courts of the state from which it was borrowed.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. Bennett Noble against the American Indemnity Company and others. A judgment for plaintiff against the defendant named was affirmed by the Court of Civil Appeals (216 S. W. 441), and it brings error. Reversed and rendered.

Terry, Cavin & Mills and O. B. Wigley, all of Galveston, for plaintiff in error.

Sanders & Sanders, of Center, for defendant in error.

SPENCER, P. J. This suit was instituted by J. Bennett Noble, after reaching his majority, to recover for the alleged breach of covenants of two bonds—one dated August 25, A. D. 1913, and executed by J. S. McLamore, Jr., as principal and the General Bonding & Casualty Insurance Company, as sure-

ty; the other, dated August 20, 1914, and executed by J. S. McLamore, Jr., as principal and the American Indemnity Company, as surety—conditioned that McLamore would faithfully discharge the duties of guardian of the estate of Noble, a minor. Judgment was rendered against the General Bonding & Casualty Company for $2,073.89, but no appeal was taken by that company. The basis of the judgment against the American Indemnity Company was the failure of the guardian to account for and pay over to the ward the amount of the proceeds, with interest, received from the sale of a tract of land belonging to the ward. Upon appeal this judgment was affirmed. 216 S. W. 441.

Prior to the amendment by the Thirty-Third Legislature (chapter 151, page 321, of the General Laws of the regular session) article 4099 of the Revised Civil Statutes of 1911 required a bond by the guardian in an amount equal to double the estimated value of the property of the estate of the ward, conditioned that the guardian will faithfully discharge the duties of guardian of the estate of the ward according to law. By the amendment a bond is required in an amount equal to double the estimated value of the personal property belonging to the estate, plus a reasonable amount to be fixed at the discretion of the county judge, to cover rents, revenues, and income derived from the renting or use of real estate belonging to the estate, conditioned that the guardian will faithfully discharge the duties of guardian of the estate of the ward according to law.

The same act amended article 4162 of the Revised Civil Statutes of 1911, dealing with the order for the sale of real estate by adding this provision:

"4th. It shall require the guardian to file a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold."

Article 4177 of the Revised Civil Statutes of 1911 was amended by the same act to read:

"At any time after the expiration of five days from the filing of a report of sale, it shall be the duty of the court in which the same has been filed to inquire into the manner in which such sale was made, and hear evidence in support of or against such report and, if satisfied that such sale was fairly made and in conformity with law, *and that the guardian has filed his bond as required herein, which has been duly approved by the court,* the court shall cause to be entered upon the minutes a decree confirming such sale, and order the report of sale to be recorded by the clerk, and the proper conveyance of the property sold be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale; *provided that in cases pending at the time this law becomes effective and in which the guardian has a satisfactory bond filed, equal to*

---

⬦⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Rehearing denied February 1, 1922.
[1] Vernon's Sayles' Ann. Civ. St. 1914, arts. 4099, 4162, 4177.

*twice the amount of all personal property of the ward and twice the amount of the real estate sold, he shall not be required to file a new bond.*

The amendatory matter consists of the italicized provisions.

Plaintiff in error insists that, as the bond which it signed as surety was executed and approved after the taking effect of the amendment of 1913, and not having been given to protect the ward in the sale of real estate, it was a general guardian's bond, as contradistinguished from the special or real estate bond required by the amendment and covered only the guardian's liability for personal property in his hands at the time of its approval. The bond was not given for the special purpose of protecting the estate in the sale of real estate. This is made certain by the recital of the judge in the order of sale, to the effect that as McLamore was under a good and solvent bond, equal in value to twice the value of all the personal and real estate, that a new bond to protect the sale of the real estate would not be required. The occasion for the giving of the bond, now under consideration, was to correct a supposed irregularity in the first proceeding by Mc-Lamore to qualify as guardian. Upon the giving of the second bond surety on the first bond was discharged from further liability.

[1] It was the probate court's view that as the guardianship was pending at the time the amendment of 1913 became effective that the guardian qualifying subsequent to the taking effect of the act should be governed by the original act in executing the bond. In other words, in the event of the giving of bond subsequent to the taking effect of the act in cases pending at the time the act became effective, it should be in an amount equal to twice the estimated value of all of the property of the estate. The honorable Court of Civil Appeals shared this view, and predicated an affirmance of the judgment upon it.

It is our view that the Legislature intended by the amendatory act to require a guardian, qualifying subsequent to the taking effect of the act regardless of when the guardianship proceedings were commenced, to execute a bond in an amount equal to double the value of the personal property of the estate, plus a reasonable amount to cover rents, revenues, and income derived from the renting or use of the real estate belonging to the estate, and in the event of the sale of real estate to file a special bond also. The provision found in the amendment to article 4177 simply means that in cases pending at the time the law became effective a new bond would not be required if a satisfactory bond taken in the pending case, in obedience to the requirements of the old law, was then on file. The provision is limited in its scope to dealing with bonds on file in cases pending

at the time the act took effect. It does not deal nor purport to deal with bonds filed subsequent to the taking effect of the act in cases pending when the act became effective.

[2] This being true, the question is: Are the sureties upon a general guardian's bond, required by article 4099 of the Revised Civil Statutes of 1911 as amended by the 33d Leg. c. 151, p. 321, liable for the guardian's failure to account to the estate for the proceeds of a sale of real estate sold by him without giving the special bond required by article 4162 of the Revised Civil Statutes, as amended by the 33d Leg. c. 151, p. 321? The Legislature intended by the amendatory act to work a decided change in the law as it existed prior to the amendment. This much is clear. The principle change is the requiring of one bond in an amount equal to twice the estimated value of the personal property of the estate, plus an amount to cover rents, revenues, and income of the estate and another in the case of the sale of real estate in an amount equal to twice the amount for which the property is sold, instead of requiring, as formerly, one bond in twice the estimated value of the entire estate. But may the first or general bond be used to protect the proceeds of the sale of real estate in case no special bond be given for that purpose? Unless the necessary effect of the act as amended is to lessen the security to be given to protect the entire estate, it will not be presumed that the Legislature intended that result. The reduction of the amount of the general bond would, however, have that effect if it be used to protect the proceeds in the case of the sale of real estate. This would, in the event of the inadequacy of the bond to cover the entire estate, prove disastrous to the estate of the ward—a consequence never intended, but one specially provided against.

It was the purpose of the Legislature to require a bond in the first instance in an amount commensurate with the liabilities of the guardian, based upon the general duties imposed upon him by statute. The sale of real estate is not one of these. The duty to sell real estate is but a contingent one, and special in its nature. The contingency can only arise upon the happening of one or more of the conditions enumerated in article 4155 of Revised Civil Statutes of 1911, authorizing the application for a sale of real estate belonging to the estate. The act intervenes to protect the estate at this juncture, when no protection was needed before, by requiring as a perquisite of the sale a bond in an amount equal to twice the amount for which the real estate is sold. In this manner the transaction is set apart and made distinct from the general duties of the guardian. The duty to sell being distinct from the general duties, the surety on the general bond only

assumed the responsibility for the breach of the general duties by the guardian, and is not liable for his failure to give a special bond or to account for the proceeds of the sale of real estate. Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314.

[3] The circumstances surrounding the incorporation of this act into our statutes clearly indicates the correctness of the conclusion we have reached. By enacting the present law, the lawmaking body has substituted for the existing law, with its settled construction, a statute in language and terms substantially like that of several of the other states, which had received construction by the courts of last resort in those states. The presumption must prevail, therefore, that the Legislature intended to adopt with the statute the settled construction given it, prior to its adoption in this state, by the courts of the state from which it was borrowed. Brothers v. Mundell, Munzesheimer & Co., 60 Tex. 240.

Connecticut, Indiana, Illinois, Iowa, Kansas, Maine, Massachusetts, Missouri, New Jersey, Nevada, Pennsylvania, Rhode Island, and West Virginia are among the states which now have, or at one time had, similar statutes. The courts of last resort of all these states have held, in construing a similar statute, that the sureties on the general bond are not liable for the failure of the guardian to account for the proceeds of the sale of real estate made by the guardian if a special bond is required as a condition of the sale. Moriarty v. Donahue, 82 Conn. 308, 73 Atl. 763, 135 Am. St. Rep. 273; State ex rel. Mount v. Steele, 21 Ind. 207, 83 Am. Dec. 346; People, to Use of Sterling, v. Huffman, 182 Ill. 390, 55 N. E. 981; Madison County v. Johnston, 51 Iowa, 152; 50 N. W. 492; Morris v. Cooper, 35 Kan. 156, 10 Pac. 588; Williams v. Morton, 38 Me. 47, 61 Am. Dec. 229; Lyman v. Conkey, 1 Metc. (Mass.) 317; State, to Use of Martin, v. Harbridge, 43 Mo. App. 16; Smith v. Gummere, 39 N. J. Eq. 27; Henderson v. Coover, 4 Nev. 429; Blauser v. Diehl, 90 Pa. 350; Probate Ct. of Newport v. Hazard et al., 13 R. I. 1; Findley v. Findley, 42 W. Va. 372, 26 S. E. 433.

The reason universally given for this holding is that one who becomes a surety for the guardian does so in view of the duties and obligations which the law then imposes upon his principal, and with knowledge that should a sale of land be ordered, with the grant of new power, required for that purpose, new and ample security will be provided. The general sureties are liable for all moneys or property that may come into the guardian's hand under his original and general power, but not for that property or those funds which he obtains in the exercise of an additional power conferred under a special license. Blauser v. Diehl et al., supra. The Supreme Court of Maine in Williams v. Morton, supra, thus states the rule:

"It could not have been designed by the Legislature that a bond given for the faithful discharge of the duties of guardian, which by his letters of guardianship he is bound to perform, should be the security for the observance of the provisions, in a sale of real estate, and the proper application of the proceeds, when the sale was under the authority of a special license only, and a special bond is required that the duties to be done under that license, as the law prescribes, shall be faithfully performed. The proceedings under the license, as required by the statute, are not, strictly speaking, guardianship duties; but as matter of convenience the change of the real estate of the ward into money is to be done by him, who had the charge of the former, and who is to see that the latter is properly secured upon interest. It is very clear that a breach of the special bond, under a license, does not constitute a breach of the general bond of guardianship, and consequently an omission to give the special bond violates none of the conditions in the other."

In our opinion, not only are the reasons given by the courts of the other states construing similar statutes sound, but any other construction of the act now under consideration would, we think, be subversive of the Legislative intent.

It has been asserted, however, that there is a conflict of decision upon this question, but a critical examination of all the authorities disclose no real conflict. The apparent conflict, or the variant holdings, is accounted for upon the ground that statutes with dissimilar provisions were being construed. For instance, if the statute requires that the guardian's bond be for a sum double the amount of the real and personal property, and conditioned for the faithful discharge of the duties of guardianship according to law, the courts hold that the sureties are liable for the failure of the guardian to account for the proceeds of the sale notwithstanding the requirement of the special bond. The theory of the holding is that the sale of the real estate was one of the general duties contemplated by statute. Wann v. People, 57 Ill. 202.

Again, if the statute requires the guardian to execute a bond conditioned for the faithful performance of the duties of guardian of the estate according to law, and one of the statutory duties is the sale of real estate, and it is made the duty of the court in connection with the sale to exercise its discretion in exacting further or additional bond, the sureties on the general bond are liable. The special bond in such instance is but cumulative security to that of the general bond. Both bonds are for the same purpose. Hart v. Stribling, 21 Fla. 136; Clark v. West, 5 Ala. 129; Salyer v. State, 5 Ind. 206; Salyers v.

Ross, 15 Ind. 133; Wade v. Graham, 4 Ohio, 127.

In view of the conclusion reached, we recommend that the judgment of the district court and the Court of Civil Appeals against plaintiff in error be reversed, and judgment rendered that defendant in error take nothing as against it.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⨀⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes